**2015 IL 118529**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 118529)

*In re* H.L., a Minor (The People of the State of Illinois, Petitioner-Appellant,
v. H.L., Respondent-Appellee).

*Opinion filed November 4, 2015.*

CHIEF JUSTICE GARMAN delivered the judgment of the court, with opinion.

Justices Thomas, Karmeier, and Theis concurred in the judgment and opinion.

Justice Freeman dissented, with opinion, joined by Justices Kilbride and Burke.

**OPINION**

¶ 1     At issue in this appeal is whether the attorney certificate required by Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013) must be filed at or before the hearing on a defendant's postplea motion. The appellate court, relying on *People v. Shirley*, 181 Ill. 2d 359 (1998), held that the certificate must be filed at or before the hearing on the motion. The court remanded to the circuit court of De Kalb County for further proceedings. 2014 IL App (2d) 140486. The State filed a petition for leave to appeal, which we granted. Ill. S. Ct. R. 315(a) (eff. Jan. 1, 2015).

¶ 2                                    BACKGROUND

¶ 3        Respondent, H.L., admitted the allegations of petitions to revoke his probation in two separate cases and admitted the allegations of a delinquency petition in a third case. He was sentenced to indefinite commitment in the Department of Juvenile Justice. Respondent filed a motion to reconsider his sentence. The trial court denied the motion. Respondent's trial counsel filed a Rule 604(d) certificate approximately three weeks after the hearing on the motion to reconsider. Counsel also filed a notice of appeal.

¶ 4        On appeal, respondent argued, *inter alia*, that his trial counsel failed to strictly comply with Rule 604(d) because he failed to file the certificate prior to or at the time of the hearing on respondent's motion to reconsider sentence. The appellate court agreed and vacated the trial court's denial of respondent's motion to reconsider sentence. The court remanded to the trial court for the filing of a new motion, should counsel deem it necessary. The appellate court directed that a new hearing be held on the motion and stated that counsel must file a new Rule 604(d) certificate at or before the new motion hearing.[1] 2014 IL App (2d) 140486, ¶¶ 7, 8. We disagree with the appellate court's holding and now reverse its judgment.

¶ 5                                      ANALYSIS

¶ 6        This appeal requires us to interpret Rule 604(d). The principles that apply to the construction of statutes also apply to the interpretation of this court's rules. *People v. Thompson*, 238 Ill. 2d 598, 606 (2010). Our goal is to ascertain and give effect to the drafters' intent. *People v. Campbell*, 224 Ill. 2d 80, 84 (2006). We begin with the language of the rule, which must be given its plain and ordinary meaning. *People v. Santiago*, 236 Ill. 2d 417, 428 (2010). When the language of the rule is clear and unambiguous, it will be applied as written without resort to aids of construction. *Thompson*, 238 Ill. 2d at 606. Where the language used is plain and unambiguous, we may not add provisions not contained therein or read exceptions or limitations into the rule that conflict with the drafters' expressed intent. *ACME Markets, Inc. v. Callanan*, 236 Ill. 2d 29, 38 (2009). The interpretation of a supreme

---

[1]Although recognizing that a remand of the probation revocation cases was not necessary, the appellate court included those cases in its remand order because those cases were "intimately intertwined" with the delinquency petition case. 2014 IL App (2d) 140486, ¶ 2 n.1.

court rule is a question of law that we review *de novo*. *People v. Tousignant*, 2014 IL 115329, ¶ 8.

¶ 7 Rule 604(d) governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea. Pertinent to this appeal, the rule also provides:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

¶ 8 This court requires strict compliance with the certification requirement of Rule 604(d). *People v. Janes*, 158 Ill. 2d 27, 35 (1994).

¶ 9 In *People v. Wilk*, 124 Ill. 2d 93 (1988), this court recognized the purpose of Rule 604(d):

"That purpose is to ensure that before a criminal appeal can be taken from a guilty plea, the trial judge who accepted the plea and imposed sentence be given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and *dehors* the record, but nevertheless were unwittingly given sanction in the courtroom. Rule 604(d) provides for fact finding to take place at a time when witnesses are still available and memories are fresh. [Citation.] A hearing under Rule 604(d) allows a trial court to immediately correct any improper conduct or any errors of the trial court that may have produced a guilty plea. The trial court is the place for fact finding to occur and for a record to be made concerning the factual basis upon which a defendant relies for the grounds to withdraw a guilty plea. If the motion to withdraw the plea is denied, that decision can be considered on review." *Id.* at 104.

¶ 10 The filing of a Rule 604(d) certificate "enables the trial court to insure that counsel has reviewed the defendant's claim and considered all relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence. The attorney certificate thereby encourages the preservation of a clear record, both in the trial

court and on appeal, of the reasons why a defendant is moving to withdraw his plea or to reduce sentence." *Shirley*, 181 Ill. 2d at 361.

¶ 11    The State argues before this court that the rule's language concerning the attorney certificate does not contain a timing requirement; rather, the rule requires trial counsel to file the certificate "with the trial court." Thus, according to the State, respondent's trial counsel strictly complied with the rule when he filed the certificate with the trial court while that court still had jurisdiction of the case. Respondent relies, as did the appellate court, on this court's decision in *Shirley* in arguing that strict compliance with the rule requires that the certificate be filed prior to or at the time of the hearing on the postplea motion.

¶ 12    Before *Shirley* was decided, this court addressed the question of strict compliance with the certificate requirement of Rule 604(d) in two cases. In *People v. Janes*, 158 Ill. 2d 27 (1994) (*Janes I*), the defendant pleaded guilty to murder and was sentenced to death. He filed a motion to withdraw his guilty plea. The trial court denied the motion. Defendant's trial counsel failed to file a Rule 604(d) certificate. This court stated that, with the exception of the motion requirements of Rule 604(d), the remedy for a failure to strictly comply with each of the provisions of the rule is a remand to the trial court for the filing of a new motion to withdraw guilty plea or reconsider sentence and a new hearing on the motion. Because the record did not show strict compliance with the attorney certificate requirement, this court retained jurisdiction of the case and remanded to the trial court to allow the defendant to file a new motion to withdraw his guilty plea and for a hearing on the motion. *Id.* at 33-36.

¶ 13    Following remand, the *Janes I* defendant filed a second appeal in this court, *People v. Janes*, 168 Ill. 2d 382 (1995) (*Janes II*). The trial court had reappointed the defendant's trial counsel on remand and again denied the defendant's motion to withdraw his guilty plea. The defendant's counsel timely filed a Rule 604(d) certificate in the trial court. On appeal, the defendant argued that trial counsel had a conflict of interest because he had provided the State on appeal in *Janes I* with an affidavit stating that he had examined a copy of the transcript and made any amendments to the defendant's *pro se* motion necessary for adequate presentation of any defects in the guilty plea proceedings. The defendant asserted that his trial counsel had thus aligned himself with the State. This court rejected this argument, noting that the attorney's affidavit was a belated attempt to comply with Rule 604(d) and that when this court remanded to the trial court for strict compliance

with the rule, it did so, not because the attorney's affidavit was improper, but because Rule 604(d) "requires that this affidavit be filed prior to making a motion to withdraw a guilty plea." *Id.* at 388-89.

¶ 14       Neither *Janes I* nor *Janes II* stands for the proposition that the Rule 604(d) certificate must be filed prior to filing a postplea motion or prior to the hearing on such a motion. *Janes I* did not even mention the affidavit filed by the defendant's trial counsel on appeal in that case. In addition, despite what this court stated in *Janes II*, the court in *Janes I* said nothing about the timing of the filing of a Rule 604(d) certificate. Indeed, the court noted that the defendant's attorney had failed to file a certificate at all; thus, there was no need to address the issue of a timing requirement for filing the certificate.

¶ 15       This court did address the issue in *Shirley*. There, the defendant pleaded guilty and was sentenced to prison. His trial counsel filed a motion to reduce the sentence on the ground that it was excessive. The trial court denied the motion. Counsel did not file a Rule 604(d) certificate nor did he file a notice of appeal. The defendant was subsequently permitted to file a late notice of appeal. The appellate court remanded the cause to the trial court for a new hearing on the motion to reduce sentence due to trial counsel's failure to file the certificate. Relying on this court's decision in *Janes I*, the appellate court held that the certificate must be filed with the motion to reduce sentence, and not at some later time, to preserve the right to appeal. *Shirley*, 181 Ill. 2d at 364.

¶ 16       On remand, defendant's trial counsel filed a Rule 604(d) certificate and filed a motion to withdraw as counsel. The trial court allowed the motion and appointed the public defender's office to represent the defendant. The assistant public defender filed her own motion to reduce sentence. She did not, however, attach a Rule 604(d) certificate to her motion. Following a hearing, the trial court denied the motion and, four days later, the assistant public defender filed in the trial court a Rule 604(d) certificate and a notice of appeal. In his second appeal, the defendant argued that the assistant public defender had not strictly complied with Rule 604(d) because she had failed to file the attorney certificate prior to the hearing on the motion to reduce sentence. The appellate court rejected the defendant's argument, noting that the content of the certificate strictly complied with the rule and that, if error existed with respect to the timing of the certificate's filing, that error was harmless. *Id.* at 366.

¶ 17 This court affirmed, noting that the sole ground for the defendant's appeal was the failure of the assistant public defender to file her Rule 604(d) certificate prior to the remand hearing on the defendant's postplea motion. The defendant argued that he was entitled to a second remand for a third hearing on his motion. The defendant relied on *Janes I* and *Janes II* in support of his argument that the rule requires the certificate to be filed before the motion hearing takes place. He further argued that because the assistant public defender had not filed the attorney certificate until after the remand hearing, the trial court did not have the benefit of the certificate in evaluating the defendant's motion. This court rejected the defendant's premise that strict compliance requires reviewing courts to mechanically remand for multiple hearings even when a defendant has had a fair second opportunity to present a postplea motion. There is little value in doing so absent a good reason. This court noted that the defendant's original counsel filed an attorney certificate prior to moving to withdraw as counsel. The defendant's new counsel then filed a new motion to reconsider sentence. The defendant challenged only the excessiveness of his sentence, but he had received a far lighter sentence than he could have received. This court found nothing in the record to warrant a third remand. To do so would be an "empty and wasteful formality." *Id.* at 369-70.

¶ 18 This court then elaborated on the strict compliance requirement:

"In general, strict compliance with the attorney certification component of Rule 604(d) means the certificate *must* be filed in the trial court, rather than on appeal, as occurred in *Janes I*. The filing *should* precede or be simultaneous with the hearing in the trial court. Such a procedure will insure that the trial court, in considering a defendant's motion to withdraw his or her guilty plea or to reduce sentence, will be apprised that defense counsel has reviewed the proceedings with the defendant and prepared any necessary amendments to the motion. If this standard of strict compliance is not met, the remedy is a remand to afford defendant another opportunity to be heard on his Rule 604(d) motion. However, once this remedy is granted, there is no further requirement under Rule 604(d) that successive remands and rehearings will be ordered." (Emphases added.) *Id.* at 371.

¶ 19 We conclude that *Shirley* did not mandate that defense counsel file the certificate prior to or at the hearing on the postplea motion. As the rule plainly states, strict compliance requires that the certificate be filed "with the trial court," rather than on appeal. This is the only timing requirement set forth by the plain

language of Rule 604(d). Although *Shirley* did state that the filing of the certificate *should* precede or be simultaneous with the hearing on the motion, that language may be contrasted with *Shirley*'s prior statement that the certificate *must* be filed in the trial court. Although the "should" language is contained in a paragraph in which *Shirley* discusses strict compliance, the difference in language is striking. If this court had intended to mandate that the attorney certificate be filed at a certain time, one would expect stronger language, such as "must" or "shall." Instead, this court chose the word "should." The use of the word "should" suggests that it would be useful or desirable for counsel to file the certificate prior to or at the time of the motion hearing, but that it is not mandatory that counsel do so.

¶ 20    In addition, it may be noted that it was the appellate court in the *Shirley* case that concluded the certificate must be filed with the postplea motion, relying on *Janes I*. However, as stated, *Janes I* did not actually impose any such timing requirement. This court did not find in *Shirley* that the appellate court was correct with regard to the timing of the filing of the attorney certificate.

¶ 21    Respondent argues that the appellate court has found, under the plain language of Rule 604(d), that the attorney certificate must be filed prior to a hearing on any postsentencing motion. However, only one of these cases actually held that the certificate must be filed prior to the hearing. In *People v. Hermann*, 349 Ill. App. 3d 107, 110 (2004), the defendant's trial counsel failed to file a Rule 604(d) certificate. The appellate court stated that "prior to" a hearing on a postsentencing motion, Rule 604(d) requires defense counsel to file the certificate with the trial court. The court's only cited authority for this statement was the rule itself, which clearly does not contain the "prior to" language.

¶ 22    The appellate court in *People v. Cooper*, 2011 IL App (4th) 100972, advised trial courts to ask for the certificate and review it prior to commencing a hearing on a postplea motion. The appellate court noted that such a practice would reduce delays caused by remands for the filing of the certificate. The appellate court emphasized that counsel has the obligation to file the certificate "to accompany" the postplea motion, and that the proper remedy where the certificate is deficient or where none has been filed is to grant a continuance to allow counsel to review the rule's requirements and prepare a proper certificate. *Id.* ¶¶ 13, 14. *Cooper* did not cite any authority for its statements concerning the timing of the certificate filing. At most, the court was giving advice to the trial court on how to avoid remands for new Rule 604(d) proceedings.

¶ 23    In *People v. Willis*, 313 Ill. App. 3d 553, 558 (2000), also cited by respondent, the appellate court found the Rule 604(d) certificate to be deficient. The court remanded and directed the trial court to ensure that defense counsel strictly complied with the rule before considering the defendant's motions. The court cited as authority *People v. Bailey*, 307 Ill. App. 3d 226 (1999), in which the defendant's trial counsel failed to file a Rule 604(d) certificate. The appellate court remanded due to inadequate admonitions by the trial court and it directed the trial court to ensure that counsel strictly complied with the certificate requirement prior to granting a hearing on any postplea motion. *Id.* at 231-32. Again, the appellate court in these two cases was merely trying to avoid any further problems on remand. Neither case held that strict compliance with the rule includes a timing requirement. The same analysis applies to *People v. Packard*, 259 Ill. App. 3d 681, 684-85 (1994), where counsel failed to file the certificate. The appellate court remanded the cause and directed the trial court to ensure that counsel fully complied with the certificate requirement before proceeding to a hearing on the defendant's postplea motion.

¶ 24    Respondent acknowledges that Rule 604(d) does not contain a timing requirement for filing the attorney certificate. However, he looks to the rule's sentence structure and concludes that the placement of the various sentences comprising the rule leads to the conclusion that the certificate must be filed prior to any hearing on the postplea motion. Respondent's argument is that because the rule describes each requirement in succession, the attorney certificate must be filed prior to the hearing on the postplea motion. For instance, the rule first states that no appeal may be taken from a judgment entered on a plea of guilty unless the defendant first files a postplea motion within 30 days of sentencing. The rule then describes requirements for the motion. Next, the rule states that the motion shall be presented promptly to the trial judge who sentenced the defendant. The trial court must appoint counsel for an indigent defendant. Then, the rule sets forth the attorney certificate requirement, stating that the attorney must file it with the trial court and sets forth the requirements of the certificate. Then, the rule states that the motion shall be heard promptly. From this chronology, respondent deduces that the attorney certificate must be filed prior to the hearing on the postplea motion. Respondent cites no authority holding that the order of sentences in a rule dictates how it must be followed.

¶ 25    After considering the language of Rule 604(d) and this court's precedent, we hold that strict compliance with the rule does not require counsel to file his or her

certificate of compliance prior to or at the hearing on the defendant's postplea motion. Strict compliance requires counsel to prepare a certificate that meets the content requirements of the rule and to file the certificate with the trial court, *i.e.*, prior to the filing of any notice of appeal.

¶ 26                                    CONCLUSION

¶ 27        We reverse the judgment of the appellate court. We remand to that court for consideration of other issues raised by respondent on appeal that the appellate court did not address.

¶ 28        Appellate court judgment reversed.

¶ 29        Cause remanded.

¶ 30        JUSTICE FREEMAN, dissenting:

¶ 31        The majority holds that an attorney's Rule 604(d) certificate need not be filed at or before the hearing on a defendant's postplea motion. Because I believe this court already held to the contrary in *People v. Shirley*, 181 Ill. 2d 359 (1998), I respectfully dissent. The majority acknowledges our holding in *Shirley*, but then proceeds to contradict and ignore key parts of that holding.

¶ 32        In *Shirley*, we said:

"In general, strict compliance with the attorney certification component of Rule 604(d) means the certificate must be filed in the trial court, rather than on appeal, as occurred in *Janes I*. *The filing should precede or be simultaneous with the hearing in the trial court. Such a procedure will insure that the trial court, in considering a defendant's motion to withdraw his or her guilty plea or to reduce sentence, will be apprised that defense counsel has reviewed the proceedings with the defendant and prepared any necessary amendments to the motion.* If this standard of strict compliance is not met, the remedy is a remand to afford defendant another opportunity to be heard on his Rule 604(d) motion. However, once this remedy is granted, there is no further requirement under

Rule 604(d) that successive remands and rehearings will be ordered." (Emphasis added.) *Id.* at 371.

¶ 33 The majority, however, ignores our holding in *Shirley*, concluding that a Rule 604(d) certificate can be filed after the hearing on a defendant's postplea motion, so long as it is filed in the trial court. According to the majority, in *Shirley*, we merely said that " 'the filing *should* precede' " rather than *must* precede the hearing, and therefore did not mandate a timing requirement. (Emphasis in original.) *Supra* ¶ 18. I disagree. In *Shirley*, we explained that a certificate filed before or simultaneous with the hearing in the trial court would "insure that the trial court, in considering a defendant's motion *** will be apprised that defense counsel has reviewed the proceedings with the defendant and prepared any necessary amendments to the motion." *Shirley*, 181 Ill. 2d at 371. Our reason for holding in *Shirley* that the Rule 604(d) certificate should be filed before or at the hearing on a defendant's postplea motion is obvious. Filing the certificate prior to the trial court's ruling on the postplea motion can head off claims of ineffective assistance of counsel as well as conserve judicial resources by reducing the necessity of remands to the trial court for compliance with the rule.

¶ 34 The purpose of the rule is the same today as it was over 17 years ago when we decided *Shirley*, *i.e.*, to insure defense counsel has reviewed the proceedings with the defendant and prepared any necessary amendments to the motion *before* the trial court rules on the motion. The majority's interpretation does nothing to advance the purpose of the rule. In fact, it frustrates that purpose. If the certificate is not filed before or at the hearing, the trial court cannot insure that the rule has been complied with when it considers the defendant's motion. This is problematic because we have already held that the rule requires strict compliance. *People v. Janes*, 158 Ill. 2d 27, 35 (1994). By permitting the certificate to be filed after the hearing, the majority is essentially requiring less than strict compliance. Curiously absent from the majority's analysis is the familiar canon of construction that in construing a statute or rule, the court may consider the reason for the rule, the problems sought to be remedied and the purposes to be achieved. *People v. Gutman*, 2011 IL 110338, ¶ 12. The majority opinion inexplicably overlooks this well settled canon of construction.

¶ 35 Further, I agree with respondent that the sentence structure of Rule 604(d) indicates that the certificate must be filed prior to or at the hearing in the trial court. The rule lists the requirements that a defendant must satisfy before an appeal can be

taken from a guilty plea. The order in which these requirements are listed in the rule is significant. The rule states that the defendant's attorney shall file a certificate in the trial court indicating that the attorney consulted with the defendant to ascertain the defendant's contentions of error, examined the proceedings and made any amendments to the motion "necessary for adequate presentation of any defects in those proceedings." The next sentence states that the motion should be heard promptly and describes what action the trial court should take if the motion is granted. Following that, the rule provides how to appeal if the motion is denied. I believe it is manifestly clear that the rule lists these requirements in the sequence they are to be done. As our decision in *Shirley* indicates, the rule is not merely a checklist, but rather specifies the requirements that must be done in a particular order. It only makes sense that if an attorney is going to make any amendments to the motion, the amendments be made before the motion is heard in the trial court. Similarly, it is logical that the trial court be assured that counsel has fulfilled the obligation before ruling on the motion. Another familiar canon of construction absent from the majority's analysis is that a statute or rule must receive a "sensible construction." (Internal quotation marks omitted.) *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 64 (2004). The majority's interpretation departs from this common-sense construction. Although the majority does acknowledge respondent's contention, it rejects that contention with no analysis to explain its position. *Supra* ¶ 24.

¶ 36    The majority opinion provides no rationale for abandoning a procedure we set forth and sanctioned over 17 years ago in *Shirley*. I see no reason to depart from our holding in *Shirley* now, especially when the majority offers no basis for doing so. By contradicting and ignoring key parts of our holding in *Shirley*, the majority is sending mixed messages to the lower courts and litigants who look to this court for guidance.

¶ 37    In sum, I believe the majority's holding is at odds with our prior interpretation of Rule 604(d) in *Shirley*, and that, in the process, the majority's holding ignores the purpose of the rule. I would affirm the appellate court judgment and remand this matter to the circuit court. Because the Rule 604(d) certificate was not filed at or before the hearing on respondent's postplea motion, respondent is entitled to a new hearing.

¶ 38    JUSTICES KILBRIDE and BURKE join in this dissent.