NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 170916-U

NO. 4-17-0916

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 19, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Livingston County |
| DONALD FULLER, | ) | No. 17CF127 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices DeArmond and Turner concurred in the judgment.

**ORDER**

¶ 1     *Held*: Appellate counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

¶ 2     Defendant, Donald Fuller, pleaded guilty to two counts of aggravated driving under the influence (DUI) (625 ILCS 5/11-501(a)(1), (a)(2), (d)(1)(G) (West 2016)) and the trial court sentenced him to three years in prison. Following the court's denial of defendant's motion to reconsider his sentence, defendant appealed.

¶ 3     On appeal, the Office of the State Appellate Defender (OSAD) was appointed to represent defendant. OSAD has filed a motion to withdraw as appellate counsel, citing *Anders v. California*, 386 U.S. 738 (1967), and alleging an appeal would be frivolous. We grant OSAD's motion and affirm the trial court's judgment.

¶ 4                                   I. BACKGROUND

¶ 5        In April 2017, the State charged defendant with two counts of aggravated DUI (625 ILCS 5/11-501(a)(1), (a)(2), (d)(1)(G) (West 2016)), both Class 4 felonies. It alleged defendant, whose driver's license was revoked or suspended for a prior DUI violation, drove a motor vehicle with a breath alcohol concentration of 0.08 or more (count I) or while under the influence of alcohol (count II).

¶ 6        In August 2017, defendant appeared before the trial court and entered open pleas of guilty to both felony charges and related traffic violations for speeding, improper lane usage, illegal transportation of alcohol, and driving while license revoked. The court admonished defendant regarding the rights he was giving up by pleading guilty and the penalties he faced. With respect to the felony DUI counts, the court initially informed defendant that he faced a minimum sentence of probation or conditional discharge with a maximum sentence of three years in prison. After the State interjected that defendant was extended-term eligible "due to a prior felony DUI," from Whiteside County "and a forgery" conviction, the court informed defendant that he faced a maximum sentence of six years in prison, not three, and a one-year period of mandatory supervised release. Defendant stated he understood the trial court's admonishments and denied having any questions.

¶ 7        Upon inquiry by the trial court, defendant also denied that anyone was forcing him to plead guilty or that any promises had been made to him in exchange for his plea. The State then presented the following factual basis:

            "On April 15th, 2017, [defendant] was observed driving in Livingston
            County committing several lane violations as well as speeding. [A police] officer
            had contact with him, noted the Secretary of State had suspended his license for a
            prior DUI; and [defendant] had numerous indications that he was under the

influence of alcohol. Lab testing confirmed his alcohol content at [0].240."

¶ 8    Following the State's factual basis, defendant made no objection and reasserted that it was his intention to plead guilty. The trial court accepted defendant's pleas, finding they were knowingly and voluntarily made.

¶ 9    In October 2017, the trial court conducted defendant's sentencing hearing. The record reflects the court received both an alcohol evaluation and a presentence investigation (PSI) report for defendant. According to the PSI report, defendant's criminal history included misdemeanor convictions for DUI (charged in 1998 but convicted in 2001), possession of drug paraphernalia (2000), battery (2000), driving on a revoked license (2000), and domestic battery (2003). He had prior felony convictions for obstructing justice (2000) and forgery (2003), a Class 3 felony, for which he was sentenced to three years in prison. Additionally, in 2010, defendant was convicted in Whiteside County of DUI and "Driving While Revoked/Suspended DUI/3rd Warning," Class 4 felonies for which he received a one-year prison sentence.

¶ 10    The PSI report also showed defendant was employed as a lathe operator and resided in an apartment with two of his three minor children. Defendant admitted having "a problem" with alcohol and that he needed "to quit drinking altogether." The report shows he was assessed as having a moderate risk of reoffending. Regarding the offenses at issue, defendant acknowledged that his actions were wrong and asserted he felt "[t]errible" about what had occurred.

¶ 11    Neither party presented any additional evidence to the trial court. The State asked the court to impose a four-year prison sentence, arguing that a sentence of probation would deprecate the seriousness of the offenses at issue and that defendant posed a threat to the community. Defendant's counsel asked the court to sentence defendant to a term of probation and jail time. He argued mitigating factors included that a prison sentence would cause a hardship to

defendant's dependents; defendant's acknowledgment that he had a substance-abuse problem, making it likely that he would follow the terms of a probation sentence; and that defendant had "been working a long time" for the same employer. Defendant made a statement on his own behalf, admitting that he had "an alcohol problem" and asserting that he needed and wanted help. He stated he "was going to start doing the classes, but [he] was waiting to see what the outcome of [the case] was going to be."

¶ 12        In connection with defendant's felony DUI offenses, the trial court entered a judgment of conviction on count I, finding count II merged. It then concluded that a term of probation would deprecate the serious nature of the offense and imposed a three-year prison sentence. In setting forth its decision, the court initially stated it was mindful that DUI was a serious offense with a "high risk for harm to the public." It found that the mitigating factors or considerations that "st[ood] out" included the possible hardship to defendant's dependents that a prison sentence would entail and that defendant was remorseful. The court rejected the argument that defendant demonstrated he was likely to comply with the terms of probation. It noted that "actions sp[oke] louder than words" and defendant had not engaged in any substance-abuse treatment during the five months he was out on bond. The court then found strong aggravating factors in the case, including the deterrence factor, defendant's criminal history, and "the threat of harm."

¶ 13        After issuing its sentence, the trial court admonished defendant regarding his right to appeal, including the requirement that defendant file either a motion to reconsider his sentence or a motion to have the judgment vacated and for leave to withdraw his plea of guilty within 30 days of sentencing. The court also admonished defendant that any issue or claim of error not raised in either motion "shall be deemed waived" on appeal.

¶ 14 Shortly after sentencing, defendant filed a motion to reconsider. He argued his sentence was excessive and that the trial court failed to consider mitigating factors, including that he did not contemplate that his criminal conduct would cause or threaten serious physical harm to another, he acted under the strong provocation of his addiction to alcohol, his criminal conduct was excused or justified by his alcohol addiction, his criminal conduct was unlikely to recur if he received treatment and counseling, his character and attitude indicated he was unlikely to commit another crime, he was likely to comply with the terms of probation as evidenced by his participation in Alcoholics Anonymous "since his arrest," and his imprisonment would entail an excessive hardship to his dependents. At the same time, defendant's counsel filed an Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) certificate, stating as follows:

"1. I have consulted with the Defendant in person, by mail, by phone or by electronic means to ascertain the defendant's contentions of error in the entry of the plea of guilty and in the sentence;

2. I have examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and

3. I have made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings."

¶ 15 In December 2017, the trial court conducted a hearing and denied defendant's motion to reconsider. In setting forth its ruling, the court stated its belief that it had properly weighed and considered mitigating factors in the case and that those factors were outweighed by aggravating factors.

¶ 16 This appeal followed. As stated, OSAD was appointed to represent defendant on appeal. In September 2019, it filed a motion to withdraw as appellate counsel and attached a

memorandum of law in support, identifying issues that might arguably support an appeal but concluding they had no merit. Proof of service of the motion on defendant has been shown. Additionally, this court granted defendant leave to file a response to OSAD's motion, but he has not responded. After examining the record and executing our duties in accordance with *Anders*, we grant OSAD's motion and affirm the trial court's judgment.

¶ 17                                    II. ANALYSIS

¶ 18        On review, OSAD identifies three potential issues for review: (1) the sufficiency of defense counsel's Rule 604(d) certificate, (2) whether defendant's guilty pleas were knowingly and voluntarily entered, and (3) the propriety of defendant's three-year prison sentence. It concludes that all issues are without arguable merit and we agree.

¶ 19                               A. Rule 604(d) Certificate

¶ 20        On review, OSAD first argues that no colorable argument can be made that defense counsel failed to strictly comply with the requirements of Rule 604(d).

¶ 21        "Rule 604(d) governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." *In re H.L.*, 2015 IL 118529, ¶ 7, 48 N.E.3d 1071. The rule requires that a defendant's attorney file a certificate with the trial court, asserting the following:

> "1. I have consulted with the Defendant in person, by mail, by phone, or by electronic means to ascertain the defendant's contentions of error in the entry of the plea of guilty and in the sentence;
>
> 2. I have examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and
>
> 3. I have made any amendments to the motion necessary for the adequate

presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017), Art. VI Forms Appendix.

An attorney must strictly comply with Rule 604(d)'s certification requirement. *H.L.*, 2015 IL 118529, ¶ 8.

¶ 22 Here, defense counsel filed a certificate representing that he had taken the actions set forth in Rule 604(d). The record clearly establishes defense counsel's strict compliance with Rule 604(d)'s requirements. Thus, we agree there is no arguable merit to any claim based upon the insufficiency of counsel's certificate.

¶ 23 B. Guilty Plea Proceedings

¶ 24 OSAD next argues that defendant has waived any issue with respect to the entry of his guilty pleas. Further, it asserts that, absent waiver, no colorable argument can be made that defendant's pleas were not knowingly and voluntarily entered.

¶ 25 To appeal from a judgment entered upon a plea of guilty, a defendant must file, "within 30 days of the date on which sentence is imposed, *** a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). "Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." *Id.*

¶ 26 Here, following his sentencing, defendant filed only a motion to reconsider his sentence. He did not seek to withdraw his guilty pleas and vacate the judgment against him. In his motion to reconsider, defendant challenged only his three-year sentence and he did not raise any alleged errors with respect to the entry of his guilty pleas. Additionally, the record reflects the trial court properly admonished defendant regarding his right to appeal, including that issues not raised

in a timely post-judgment motion would be waived.

¶ 27    Under these circumstances, we agree with OSAD that defendant has waived any alleged error with respect to the entry of his guilty pleas. Accordingly, such issues cannot arguably support an appeal and warrant no further consideration.

¶ 28                              C. Sentencing

¶ 29    Finally, OSAD argues no colorable argument can be made on appeal that the trial court erred in sentencing defendant to three years in prison. It argues the record shows the court considered relevant mitigating factors and did not abuse its discretion.

¶ 30    Pursuant to the Illinois Constitution, "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. "In determining an appropriate sentence, a defendant's history, character, and rehabilitative potential, along with the seriousness of the offense, the need to protect society, and the need for deterrence and punishment, must be equally weighed." (Internal quotation marks omitted.) *People v. Lawson*, 2018 IL App (4th) 170105, ¶ 33, 102 N.E.3d 761. "[A] defendant's rehabilitative potential and other mitigating factors are not entitled to greater weight than the seriousness of the offense." *People v. Shaw*, 351 Ill. App. 3d 1087, 1093-94, 815 N.E.2d 469, 474 (2004).

¶ 31    On review, "the sentence imposed by the trial court is entitled to great deference and will not be reversed *** absent an abuse of discretion." *People v. McGuire*, 2017 IL App (4th) 150695, ¶ 38, 92 N.E.3d 494. A sentence within statutory limits is excessive and an abuse of the court's discretion only "when it is greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." *People v. Brunner*, 2012 IL App (4th) 100708, ¶ 40, 976 N.E.2d 27.

¶ 32        Here, defendant was convicted of, and sentenced for, aggravated DUI, a Class 4 felony based on his commission of that offense during a period when his driving privileges were revoked or suspended for a previous DUI violation. 625 ILCS 5/11-501(a)(1), (d)(1)(G) (West 2016). Generally, the applicable sentencing range for a Class 4 felony is one to three years in prison. 730 ILCS 5/5-4.5-45(a) (West 2016). However, the court may impose an extended term sentence under the following circumstance:

> "When a defendant is convicted of any felony, after having been previously convicted *** of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts[.]" *Id.* § 5-5-3.2(b)(1).

The extended-term sentencing range for a Class 4 felony is one to six years in prison. *Id.* § 5-4.5-45(a).

¶ 33        In this case, the State asserted defendant was subject to an extended-term sentence based on two prior felony convictions, one for forgery and one for defendant's second DUI conviction, which occurred in 2010 in Whiteside County. As OSAD argues, defendant's 2010 DUI conviction was the same class felony as his current conviction. Indisputably, it occurred within 10 years of the current offense. Thus, defendant was eligible for an extended-term sentence of three to six years in prison.

¶ 34        As noted by OSAD, defendant argued in his motion to reconsider that the trial court erred when imposing his sentence because it did not consider various mitigating factors. Specifically, he asserted the court failed to consider that he did not contemplate that his conduct would cause or threaten serious physical harm to another, factors impacted by his alcohol addiction

and desire for treatment, that his character and attitude indicated he was unlikely to commit another crime, that he was likely to comply with the terms of probation as evidenced by his participation in Alcoholics Anonymous "since his arrest," and that his imprisonment would entail an excessive hardship to his dependents.

¶ 35    Here, the record does not support defendant's assertions of error. The trial court's comments at sentencing demonstrate its awareness and consideration of both defendant's alcohol-related issues and his asserted recognition of an alcohol-related problem. The court explicitly identified the "stand out" mitigating factors in the case as the possible hardship to defendant's dependents if he was imprisoned and his expressions of remorse. It also explicitly rejected defense counsel's argument that defendant was particularly likely to comply with a sentence of probation, noting that, per defendant's statement in allocution, he had not taken advantage of the opportunity to engage in substance-abuse treatment while out on bond. Further, although defendant did not argue at sentencing that an applicable mitigating factor was that he did not contemplate that his conduct would cause or threaten physical harm to another, the court's comments suggest that it would have rejected such an argument based upon its finding that DUI was a serious offense with a "high risk for harm to the public."

¶ 36    Additionally, at the hearing on defendant's motion to reconsider, the trial court stated its belief that it had considered the relevant factors in mitigation but that they were outweighed by aggravating factors in the case. Those aggravating factors consisted of the deterrence factor; defendant's criminal history, which included previous DUI and felony convictions and sentences to the Illinois Department of Corrections; and "the threat of harm" to others posed by the offense of DUI.

¶ 37    Ultimately, the trial court considered appropriate factors and chose a prison

sentence that was well under the maximum of six years. The record does not reflect an abuse of discretion by the court or any colorable argument of sentencing error.

¶ 38                             III. CONCLUSION

¶ 39           For the reasons stated, we grant OSAD's motion to withdraw as appellate counsel and affirm the trial court's judgment.

¶ 40           Affirmed.