NOTICE
This order was filed under
Supreme Court Rule 23 and may
not be cited as precedent by any
party except in the limited

2020 IL App (4th) 180382-U

NO. 4-18-0382

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 5, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| TROY E. VANCE, | ) | No. 17CF335 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Nancy S. Fahey, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Turner and Holder White concurred in the judgment.

**ORDER**

¶ 1   *Held*: The appellate court granted OSAD's motion to withdraw as appellate counsel and affirmed the trial court's judgment.

¶ 2   Defendant, Troy E. Vance, appeals from the trial court's denial of his motion to withdraw guilty plea and reconsider sentence. Defendant's appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has filed a motion to withdraw as counsel. For the reasons discussed below, we grant OSAD's motion and affirm the trial court's judgment.

¶ 3                         I. BACKGROUND

¶ 4   In May 2017, the State charged defendant with aggravated domestic battery (720 ILCS 5/12-3.3(a), (a-5) (West 2016)) (counts I and II) and domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2016)) (count III). Defendant ultimately pleaded guilty to count I in exchange for

the State's agreement to dismiss the remaining counts and to cap its sentencing recommendation at six years' imprisonment. The trial court accepted defendant's guilty plea and subsequently sentenced him to six years' imprisonment.

¶ 5 Defendant, with the assistance of counsel, filed a timely motion to withdraw guilty plea; defense counsel attached a Rule 604(d) certificate to the motion. In the motion, defendant alleged his plea was not entered into voluntarily and knowingly because "[a]t the time of his plea, [he] was not thinking clearly and not taking all of his medication as prescribed and did not understand the implications of his plea of guilty." Defendant also filed a motion to reconsider sentence, alleging the court failed to properly consider certain relevant mitigating factors. The court denied both motions. With respect to the former, the court found defendant's allegation meritless, as the transcript of the guilty-plea hearing demonstrated defendant affirmatively stated he was thinking clearly even though he had not taken all of his medication.

¶ 6 Following the denial of his motions, defendant filed a notice of appeal, and OSAD was appointed as appellate counsel. OSAD subsequently filed the instant motion to withdraw, contending it can raise no potentially meritorious argument on appeal. We granted defendant 30 days to respond to OSAD's motion, which he did not do.

¶ 7 This appeal followed.

¶ 8 II. ANALYSIS

¶ 9 OSAD contends no meritorious argument can be raised on appeal. Specifically, OSAD has identified three potential issues for review: whether (1) defense counsel complied with the requirements of Illinois Supreme Court Rule 604(d) (eff. July 1, 2017); (2) the trial court erred in denying defendant's motion to withdraw guilty plea; and (3) the court erred in denying defendant's motion to reconsider sentence.

¶ 10                  A. Compliance With Illinois Supreme Court Rule 604(d)

¶ 11        First, OSAD contends no meritorious argument can be raised that defense counsel failed to comply with the requirements of Rule 604(d). We agree.

¶ 12        "Rule 604(d) governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." *In re H.L.*, 2015 IL 118529, ¶ 7, 48 N.E.3d 1071. It provides that a defendant who wishes to appeal must first file a motion to withdraw the guilty plea. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017). If the defendant is indigent, the trial court appoints counsel, who is then required to do the following:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant *** to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

Defense counsel must strictly comply with Rule 604(d)'s certification requirement. *H.L.*, 2015 IL 118529, ¶ 8. We review *de novo* whether counsel complied with Rule 604(d). *People v. Grice*, 371 Ill. App. 3d 813, 815, 867 N.E.2d 1143, 1145 (2007).

¶ 13        Here, the record shows defense counsel prepared defendant's motion to withdraw guilty plea, which was timely filed on April 11, 2018, and attached a Rule 604(d) certificate to the motion. Defense counsel certified she had (1) consulted with defendant, (2) examined the relevant portions of the record, and (3) made all necessary amendments to the motion. Counsel's

averments are supported by the record. Accordingly, we agree no meritorious argument can be raised defense counsel failed to comply with Rule 604(d).

¶ 14     B. Denial of Defendant's Motion to Withdraw Guilty Plea

¶ 15     Next, OSAD contends no meritorious argument can be raised that the trial court erred in denying defendant's motion to withdraw guilty plea. We agree.

¶ 16     A defendant does not have an automatic right to withdraw a guilty plea. See, *e.g.*, *People v. Delvillar*, 235 Ill. 2d 507, 520, 922 N.E.2d 330, 338 (2009). Rather, a defendant must show that a "manifest injustice" occurred, such as the denial of due process. *Id.* "Due process requires that the court accept [a] defendant's guilty plea only upon an affirmative showing that [the] defendant entered his plea voluntarily and knowingly." *People v. Haywood*, 2016 IL App (1st) 133201, ¶ 36, 50 N.E.3d 1237. We will not reverse a trial court's decision to deny a motion to withdraw guilty plea absent an abuse of discretion, which occurs "only where the court's ruling is arbitrary, fanciful, unreasonable, or no reasonable person would take the view adopted by the *** court." *Delvillar*, 235 Ill. 2d at 519.

¶ 17     Here, in his motion to withdraw guilty plea, defendant alleged his plea was not entered into voluntarily and knowingly because "[a]t the time of his plea, [he] was not thinking clearly and not taking all of his medication as prescribed and did not understand the implications of his plea of guilty." However, as the trial court noted at the hearing on defendant's motion, this allegation is completely contradicted by the record. During the court's admonishments to defendant at the guilty-plea hearing, the following exchange occurred:

"THE COURT: Do you have any disabilities you know of?

DEFENDANT: Just got some medical conditions, nothing as far as like not being able to work or not being able to walk, hear or see or anything like that.

- 4 -

THE COURT: Are you currently taking any medication right now?

DEFENDANT: They haven't been giving me any medicine since I have been in custody, but I do—

THE COURT: What I am trying to determine is if you are thinking clearly and understand what's going on in court today.

DEFENDANT: Yes, I do, ma'am.

THE COURT: Okay.

DEFENDANT: Yes.

Accordingly, because nothing in the record supports defendant's allegation that his plea was not entered voluntarily and knowingly, we agree with OSAD that no meritorious argument can be made the court abused its discretion in denying defendant's motion.

¶ 18   C. Denial of Defendant's Motion to Reconsider Sentence

¶ 19   Lastly, OSAD contends no meritorious argument can be raised that the trial court erred in denying defendant's motion to reconsider sentence. We agree.

¶ 20   As noted above, "Rule 604(d) governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." *H.L.*, 2015 IL 118529, ¶ 7. It provides that "[n]o appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant *** files a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Put differently, "following the entry of judgment on a negotiated guilty plea, even if a defendant wants to challenge only his sentence, he must move to withdraw the guilty plea and vacate the judgment so that, in the event the motion is granted, the parties are returned to the *status quo*." *People v. Evans*, 174 Ill. 2d 320, 332, 673 N.E.2d 244, 250 (1996).

¶ 21        Here, defendant entered into a negotiated plea agreement. Although defendant filed a motion to withdraw his guilty plea, the court properly denied defendant's motion and, as a result, the parties were never "returned to the *status quo*." See *id.* Accordingly, Rule 604(d) prevents defendant from unilaterally seeking to reduce his bargained-for sentence under these circumstances, and we agree no argument can be made the trial court erred in denying his motion.

¶ 22                              III. CONCLUSION

¶ 23        For the reasons stated, we grant OSAD's motion to withdraw as counsel on appeal and affirm the trial court's judgment.

¶ 24        Affirmed.