NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (4th) 221000-U

NO. 4-22-1000

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 4, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Knox County |
| ANTHONY J. WILLIAMS, | ) | No. 21CF630 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Andrew J. Doyle, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justice Doherty concurred in the judgment.
Justice Steigmann specially concurred.

**ORDER**

¶ 1    *Held*:    The appellate court vacated and remanded with directions, concluding defense counsel failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 2    Defendant, Anthony J. Williams, appeals from the trial court's judgment denying his amended motion to withdraw his guilty plea and refusing to appoint new counsel to represent him on his *pro se* postplea claim of ineffective assistance of counsel. On appeal, defendant argues (1) defense counsel labored under an actual conflict of interest when arguing counsel's own ineffective assistance during postplea proceedings or, alternatively, failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) by not making all necessary amendments to the postplea motion for adequate presentation of the claims and (2) the court failed to conduct an adequate inquiry into his *pro se* postplea allegations of ineffective assistance. For the reasons

that follow, we vacate and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4                                      A. Charges

¶ 5          In December 2021, the State filed criminal charges against defendant in Knox County case No. 21-CF-630, ultimately proceeding against him on one count of aggravated arson (720 ILCS 5/8-4 (West 2020)) and one count of criminal damage to government supported property (*id.* § 21-1.01(a)(3)). While case No. 21-CF-630 was pending, the State also pursued criminal charges against defendant in several other Knox County cases.

¶ 6                                    B. Guilty Plea

¶ 7          On July 18, 2022, the parties appeared before the trial court for a scheduled jury trial. When discussing plea negotiations, the State proposed a new plea offer for defendant's consideration: In exchange for defendant's guilty plea to aggravated arson in case No. 21-CF-630, all other charges in defendant's pending cases would be dismissed, no new charges would be filed for a recent incident involving an alleged battery to a correctional officer, and defendant would receive a 10-year prison sentence, to be served at 85%. Defendant accepted the State's offer. After admonishing defendant and hearing a supporting factual basis, the court accepted defendant's plea and sentenced him in accordance with the parties' agreement.

¶ 8                        C. *Pro Se* Motion to Withdraw the Guilty Plea

¶ 9          On July 25, 2022, defendant filed a *pro se* motion to withdraw his guilty plea. In the motion, defendant alleged, amongst other things, defense counsel was "ineffective" for "allowing [him] to accept [the] 10[-]year plea on the arson to dismiss [his] 4 other pending cases without reading police reports or reviewing evidence." Defendant further alleged counsel did not show him "footage or photo evidence of the arson."

¶ 10                          D. *Pro Se* Notice of Appeal

¶ 11          On July 27, 2022, defendant filed a *pro se* notice of appeal, which he later supplemented. In the notice of appeal, defendant alleged defense counsel was "ineffective" for failing to review discovery on his pending cases before advising him to enter a plea involving those cases. Defendant further alleged, despite his numerous requests to review discovery in this case, counsel never showed him "any discovery, photos, police report's [*sic*], video footage or Etc. [*sic*]."

¶ 12                E. Amended Motion to Withdraw the Guilty Plea

¶ 13          On August 5, 2022, defendant, through defense counsel, filed an amended motion to withdraw his guilty plea. In the motion, defendant alleged, amongst other things, (1) "counsel was ineffective for not advising him he would be required to register as an arsonist under Illinois law upon entering the plea" and (2) "counsel was ineffective for not arguing for removal of the prosecutor on the plea date as defendant had requested or bringing up registration at sentencing and was ineffective."

¶ 14          F. Hearing on the Amended Motion to Withdraw the Guilty Plea

¶ 15          On September 27, 2022, the trial court held a hearing on defendant's amended motion to withdraw his guilty plea. At the commencement of the proceeding, the court, due to the timely filing of a postplea motion, struck the *pro se* notice of appeal. The court then, realizing the record did not contain a certificate of compliance with Rule 604(d), continued the matter for further hearing and directed defense counsel to file the necessary certificate.

¶ 16                          G. Rule 604(d) Certificate

¶ 17          On September 30, 2022, defense counsel filed a Rule 604(d) certificate, certifying the following: (1) "I have consulted with the defendant by mail in person to ascertain defendant's

contentions of error in the sentence and the entry of the plea of guilty," (2) "I have examined the trial court file and report of proceedings of the plea of guilty," and (3) "I have made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

¶ 18                                    H. *Pro Se* Motion

¶ 19             On October 6, 2022, defendant filed a *pro se* motion entitled "Motion for Ineffective Counsel." In the motion, defendant alleged, amongst other things, defense counsel was "ineffective" for (1) failing to file a motion to recuse himself based upon counsel having "testified on me in 2013 on a unrelated case" and (2) wanting defendant to "lie" to the trial court and the State at the September 27, 2022, hearing by indicating counsel showed him "photo evidence of the arson crime scene," even though counsel "never showed [him] any photo's [*sic*], police report[,] or video footage."

¶ 20             I. Continued Hearing on the Amended Motion to Withdraw the Guilty Plea

¶ 21             On October 25, 2022, the trial court held a continued hearing on defendant's amended motion to withdraw his guilty plea. In support of the allegations in the motion, defense counsel generally invited the court to consider the transcripts from the plea hearing, as well as its own recollection of the plea hearing.

¶ 22             During argument, defense counsel indicated he was constrained by attorney-client privilege with respect to the allegations of his own ineffective assistance. Specifically, as to the allegation counsel did not advise defendant of the requirement to register as an arsonist, counsel stated:

> "The next paragraph he indicates that at the actual hearing itself that
>
> he wasn't advised that he had to register as a sex offender.

THE DEFENDANT: Sex offender?

MR. HARRELL: I'm sorry. As a[n] arsonist. And I will stand off on arguing, obviously, what conversations I may have had with him because I'm currently representing him and I'm not going to waive any attorney-client privilege at this point but he did raise that issue to me that he was not advised of that and he wants the Court to consider that—that at the actual—on the day of the plea did not advise that he would have to register as an arsonist."

Counsel, with respect to the allegation counsel did not argue for the removal of the prosecutor, stated:

"He also raises in paragraph five, Judge, another issue with counsel, and I will not go into that because I don't at this point want to reveal any of the information that I discussed personally with my client[,] but it does involve his request to have [the state's attorney's] office removed from the case so it is at least there for the Court's consideration. Without addressing counsel, I think the Court can clearly look at any issue that may have been beyond counsel's representation that would have required [the state's attorney's office] to have been removed."

¶ 23    After hearing from defense counsel, the trial court allowed the State an opportunity to respond. The State did not address the allegations of ineffective assistance. The court, considering the record and its own recollection of the guilty plea, denied defendant's amended motion to withdraw his guilty plea, finding he had not satisfied his burden of proving the plea was

entered based on a misapprehension of fact or law, there were doubts as to his guilt, he had a meritorious defense, or the ends of justice would be better served by submitting the case to a jury.

¶ 24　　　　Immediately after the continued hearing on defendant's amended motion to withdraw his guilty plea, the trial court conducted a "preliminary *Krankel* hearing *** to determine whether or not *** separate counsel should be appointed to represent [defendant] to determine whether or not there was, in fact, ineffective assistance of counsel." After hearing from defendant and defense counsel, the court declined to appoint separate counsel.

¶ 25　　　　　　　　　　　　J. Additional *Pro Se* Motions

¶ 26　　　　On October 31, 2022, defendant filed additional *pro se* motions. Following a November 15, 2022, hearing, the trial court denied defendant's motions.

¶ 27　　　　This appeal followed.

¶ 28　　　　　　　　　　　　　II. ANALYSIS

¶ 29　　　　On appeal, defendant argues (1) defense counsel labored under an actual conflict of interest when arguing counsel's own ineffective assistance during postplea proceedings or, alternatively, he failed to strictly comply with Rule 604(d) by not making all necessary amendments to the postplea motion for adequate presentation of the claims and (2) the trial court failed to conduct an adequate inquiry into his *pro se* postplea allegations of ineffective assistance. The State disagrees with defendant's arguments.

¶ 30　　　　"Rule 604(d) governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." *In re H.L.*, 2015 IL 118529, ¶ 7, 48 N.E.3d 1071. The rule requires a defendant to file in the trial court "a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). The rule further

requires defense counsel to file a certificate verifying counsel has consulted with the defendant to ascertain contentions of error, has examined the trial court file and the report of proceedings, and has made "any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id*. The supreme court requires strict compliance with the certification requirement of Rule 604(d). *People v. Janes*, 158 Ill. 2d 27, 35, 630 N.E.2d 790, 793 (1994). Even where counsel has filed a facially valid certificate of compliance, we may consult the record to determine whether counsel actually fulfilled the obligations under Rule 604(d). *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 36, 186 N.E.3d 467. Whether counsel complied with Rule 604(d) is reviewed *de novo. H.L.*, 2015 IL 118529, ¶ 6.

¶ 31        While defense counsel undisputedly filed a facially valid Rule 604(d) certificate, the record shows, contrary to the State's position on appeal, counsel failed to make the necessary amendments to the postplea motion for adequate presentation of the alleged defects in the proceedings. Counsel filed an amended postplea motion raising new allegations of his own ineffectiveness: (1) "counsel was ineffective for not advising him he would be required to register as an arsonist under Illinois law upon entering the plea" and (2) "counsel was ineffective for not arguing for removal of the prosecutor on the plea date as defendant had requested or bringing up registration at sentencing and was ineffective."

¶ 32        Despite raising new allegations of ineffective assistance in the amended postplea motion based on facts that do not appear of record, defense counsel did not provide any affidavits in support of the allegations of ineffective assistance. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017) ("When the motion is based on facts that do not appear of record[,] it shall be supported by affidavit."). Then, when the amended motion was called for hearing, counsel did not present any evidence to support the allegations of ineffective assistance, nor did he make any effort to establish

a claim of ineffective assistance. *C.f. People v. Brown*, 2023 IL App (4th) 220573, ¶ 33 (finding the defendant had a full and fair opportunity to present his claim of ineffective assistance at an evidentiary hearing despite the inadequacies of the postplea motion).

¶ 33        Defense counsel's failures with respect to the new allegations of ineffective assistance presented in the amended postplea motion demonstrate a lack of strict compliance with Rule 604(d) necessitating a vacatur and remand for new postplea proceedings. See *People v. Bridges*, 2017 IL App (2d) 150718, ¶¶ 9-12, 87 N.E.3d 441 (vacating and remanding for new postplea proceedings due to the lack of compliance with Rule 604(d)). In light of the other issues raised by defendant, we direct the trial court on remand to appoint different counsel to represent defendant. We express no opinion regarding the merits of defendant's allegations of ineffective assistance or whether he should be permitted to withdraw his guilty plea.

¶ 34                    III. CONCLUSION

¶ 35        For the reasons stated, we vacate the trial court's judgment denying the amended motion to withdraw the guilty plea and declining to appoint new counsel to represent defendant on his *pro se* postplea claim of ineffective assistance and remand with directions for the appointment of new counsel and new postplea proceedings.

¶ 36        Vacated; cause remanded with directions.

¶ 37        JUSTICE STEIGMANN, specially concurring:

¶ 38        Although I completely agree with my distinguished colleagues in the majority, I would prefer a different—and more direct—approach to reaching the same conclusion.

¶ 39        In my view, no defense attorney should ever be required—or even permitted—to argue his or her own ineffectiveness.

¶ 40 The fundamental problem in this case arose when defendant filed a motion to withdraw his guilty plea that raised claims of ineffective assistance of trial counsel during counsel's representation of defendant leading up to defendant's guilty plea. As a result, counsel was required to file a Rule 604(d) certificate certifying that after consulting with defendant to ascertain his contentions of error, counsel "has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 41 Because the United States Supreme Court and the Illinois Supreme Court have constitutionalized the plea-bargaining process, the phrase "any defects in those proceedings," regarding a defendant's guilty plea, includes a claim that defendant's plea counsel was ineffective.

¶ 42 A defendant's guilty plea counsel is placed in an untenable position when a defendant, after having pleaded guilty, moves to withdraw that guilty plea based, at least in part, upon defense counsel's ineffectiveness. A defense counsel should never be forced to argue his or her own ineffectiveness in any hearing. Similarly, I do not believe a defense counsel can be expected to amend a defendant's motion to withdraw his guilty plea to add a claim that the same defense counsel was ineffective in his representation.

¶ 43 Illinois law may not be as clear as it should be regarding a prohibition on defense counsel's arguing his own ineffectiveness, but that lack of clarity should not matter. I was a trial judge for a long time, and if a similar situation arose in my courtroom, I would inform the defendant that he needs a different lawyer to argue his claim that his lawyer was ineffective. I would tell the defendant that if he were not able to hire a lawyer for that purpose, then the court would appoint one.

¶ 44 I believe a trial court has inherent authority to act as I have just outlined—namely, to appoint new counsel to deal with a defendant's claims of ineffectiveness of his trial counsel. I

strongly suggest that any trial judge dealing with a similar situation should follow this recommendation.

¶ 45　　　The failure of a trial court to appoint new counsel in circumstances like this case will, in my judgment, very likely result in a reversal, as happened here. Then the trial court, the defendant, and the lawyers involved will be required to all gather again—perhaps months or years later—to attempt to resolve the defendant's ineffective assistance claim.