NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180313-U

NO. 4-18-0313

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 20, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Jersey County |
| PHILLIP S. GRIGALANZ, | ) | No. 15CF188 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Eric S. Pistorius, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Knecht and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court reversed and remanded for strict compliance with Illinois
Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 2    Defendant, Phillip S. Grigalanz, who had pleaded guilty to child pornography

(720 ILCS 5/11-20.1(a)(1)(vii) (West 2014)), filed a timely motion to withdraw his guilty plea,

which the trial court denied. Defendant appeals, arguing (1) defense counsel failed to strictly

comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), (2) the trial court failed to

substantially comply with Illinois Supreme Court Rule 402(a) (eff. July 1, 2012), or,

alternatively, (3) defense counsel was ineffective for failing to amend defendant's motion to

withdraw his guilty plea. Because we agree with defendant's first argument, we address only the

facts relevant to that issue and remand for strict compliance with Rule 604(d).

¶ 3                                    I. BACKGROUND

¶ 4         On November 27, 2017, defendant pleaded guilty to one count of child

pornography (720 ILCS 5/11-20.1(a)(1)(vii) (West 2014)). The trial court sentenced him to 17

years' imprisonment.

¶ 5         Defendant *pro se* filed a motion to withdraw his guilty plea, requesting "that the

matter be reset for trial (allowing sufficient time for compulsory process of newly discovered

evidence)." The trial court conducted a hearing on defendant's motion, at which the following

exchange occurred:

>           "THE COURT: *** Do you wish to proceed on [the motion to withdraw
>
>     guilty plea]?
>
>           DEFENDANT: Yes I do Your Honor. I left it pretty vanilla at the time.
>
>     I've learned—well I've legally discovered new evidence from several different
>
>     avenues that would have exculpated me had I gone to trial.
>
>           THE COURT: Given the fact that you filed this *pro se*, I'm gonna give
>
>     your attorney leave to discuss whatever issues you think you may have in terms of
>
>     withdrawing your plea and then set this for further hearing about 30 days down
>
>     the road. Do you understand that?
>
>           DEFENDANT: Yes Your Honor.
>
>           THE COURT: Okay. I'll allow him to prepare a more formal Petition
>
>     based upon his conversation with you."

¶ 6         The next month, the trial court conducted another hearing on defendant's motion

to withdraw his guilty plea. Defense counsel informed the trial court that he had spoken to

defendant about the motion and concluded the "issue related to potential outstanding evidence"

was "moot." However, counsel neglected to file a Rule 604(d) certificate. Ultimately, the trial court denied defendant's motion.

¶ 7        This appeal followed.

¶ 8                              II. ANALYSIS

¶ 9        Defendant first argues defense counsel failed to comply with Rule 604(d) by neglecting to file a Rule 604(d) certificate, and, consequently, we must remand for further postplea proceedings in strict compliance with the rule. The State concedes this issue and agrees remand is necessary. We review *de novo* whether counsel complied with Rule 604(d). *People v. Grice*, 371 Ill. App. 3d 813, 815, 867 N.E.2d 1143, 1145 (2007).

¶ 10        "Rule 604(d) governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." *In re H.L.*, 2015 IL 118529, ¶ 7, 48 N.E.3d 1071. It provides that the defendant who wishes to appeal must first file a motion to withdraw the guilty plea. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017). If the defendant is indigent, the trial court appoints counsel, who is then required to do the following:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant *** to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

Defense counsel must strictly comply with Rule 604(d)'s certification requirement. *H.L.*, 2015 IL 118529, ¶ 8. "[W]hen defense counsel neglects to file a Rule 604(d) certificate, the appropriate remedy is a remand for (1) the filing of a Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing." *People v. Lindsay*, 239 Ill. 2d 522, 531, 942 N.E.2d 1268, 1274 (2011).

¶ 11        Here, we agree with the parties and find defense counsel failed to strictly comply with Rule 604(d) by neglecting to file a Rule 604(d) certificate. As a result, we must remand to the trial court for strict compliance with the rule. See *id.* (articulating the appropriate remedy when defense counsel neglects to file a Rule 604(d) certificate). Because we must remand for further postplea proceedings, we do not reach the merits of defendant's remaining arguments.

¶ 12                              III. CONCLUSION

¶ 13        For the reasons stated, we reverse the trial court's judgment and remand for (1) the filing of a Rule 604(d) certificate, (2) the opportunity to file a new postplea motion, and (3) a new motion hearing.

¶ 14        Reversed and remanded with directions.