2022 IL App (4th) 210468

NO. 4-21-0468

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 27, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Jersey County |
| PHILLIP S. GRIGALANZ, | ) | No. 15CF188 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Allison Lorton, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices DeArmond and Holder White concurred in the judgment and opinion.

**OPINION**

¶ 1          In February 2018, defendant, Phillip S. Grigalanz, appealed the trial court's order

denying his motion to withdraw guilty plea. On appeal, we found defendant's counsel had failed

to strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), and we remanded

for strict compliance with the rule's requirements, which included the opportunity to file a new

motion and a hearing on that motion. See *People v. Grigalanz*, 2020 IL App (4th) 180313-U,

¶¶ 1, 10.

¶ 2          On remand, defendant, through new appointed counsel, filed an amended motion

to withdraw guilty plea, arguing the trial court failed to substantially comply with Illinois

Supreme Court Rule 402 (eff. July 1, 2012) before accepting his guilty plea. The trial court

denied defendant's motion, finding defendant had "waived" the Rule 402 argument by failing to include it in his initial motion to withdraw guilty plea.

¶ 3        Defendant appeals, arguing the trial court erred in denying his motion "where the record shows that the court failed to substantially comply with Rule 402(a) when it erroneously admonished him that he would only have to serve three years of mandatory supervised release when, in fact, he was required to serve three years to life of mandatory supervised release." We vacate the trial court's judgment and remand for further proceedings.

¶ 4                                I. BACKGROUND

¶ 5                         A. The Guilty Plea and Sentencing

¶ 6        In November 2017, defendant pleaded guilty to the offense of child pornography (720 ILCS 5/11-20.1(a)(1)(vii), (c-5) (West 2014)). Prior to accepting defendant's guilty plea, the trial court admonished him regarding the applicable sentencing range:

> "It's a Class X felony, six to 30 years in the Illinois Department of
> Corrections with a mandatory supervised release, like parole, of three
> years. This is [a] non-probationable offense which if you plead guilty or
> [are] found guilty the only sentence is a sentence to the Department of
> Corrections with a fine of up to $100,000.00."

At the outset of the sentencing hearing, the court noted defendant had pleaded guilty to child pornography, "which is a Class X felony. Six to 30 years in the Illinois Department of Corrections, with a mandatory supervised release, like parole of three years. Probation, conditional discharge is not available." The court ultimately sentenced defendant to 17 years' imprisonment "with a mandatory supervised release, like parole, of three years with credit for time served."

¶ 7        B. Initial Motion to Withdraw Guilty Plea and Appeal

¶ 8        In December 2017, defendant timely filed a *pro se* motion to withdraw his guilty plea and vacate sentence, in which he requested "that the matter be reset for trial (allowing sufficient time for compulsory process of newly discovered evidence)." At a hearing conducted on January 9, 2018, the following exchange occurred between defendant and the court:

"THE COURT: It was learned by the State[']s Attorney's Office and your attorney that you weren't properly admonished as to the mandatory supervised release and so the reason you were writted back so we could share that with you. Let you know what the actual MSR is. You were told it was three years. It is actually three years to life. Did you understand that at the time?

DEFENDANT: No, I did not.

THE COURT: Okay. So I'm explaining that to you now. You understand that now?

DEFENDANT: Yes sir.

THE COURT: Okay. You also filed a [p]etition to [w]ithdraw [y]our [p]lea.

DEFENDANT: Yes Your Honor.

THE COURT: And [v]acate the [s]entence. Do you wish to proceed on that?

DEFENDANT: Yes I do Your Honor. I left it pretty vanilla at the time. I've learned—well I've legally discovered new evidence from several different avenues that would have exculpated me had I gone to trial.

THE COURT: Given the fact that you filed this *pro se*, I'm gonna give your attorney leave to discuss whatever issues you think you may have in terms of withdrawing your plea and then set this for further hearing about 30 days down the road. Do you understand that?

DEFENDANT: Yes Your Honor.

THE COURT: Okay. I'll allow him to prepare a more formal [p]etition based upon his conversation with you.

DEFENDANT: We may or may not need something a little bit formal to assist with Graham Correctional Facility facilitating communication between myself and my attorney. I have tried that and it has failed miserably.

THE COURT: I'm gonna allow you to have a conversation with him right now. Yeah before you leave so that way he can get all the necessary information that he may need to put together a formal motion to withdraw your plea."

¶ 9 Defense counsel did not file an amended motion to withdraw guilty plea or a Rule 604(d) certificate of compliance. On February 26, 2018, the trial court conducted a hearing on defendant's motion. The court noted at the beginning of the hearing that defendant's motion did not "give any basis" for his request to withdraw his guilty plea. The court asked defense counsel if he had been able to speak with defendant about the motion, and defense counsel answered in the affirmative. The following exchange then ensued:

"THE COURT: There's really—here's the problem is that there's nothing in it. He doesn't say he wasn't [properly] admonished. He doesn't say that he didn't understand the charges or the possible penalties. He didn't raise any factual issues to why he should be permitted to withdraw his plea. And that's why I

suggested that you consult with him so that you could fashion a Motion and what you're telling me is based upon your conversations with him there are no additional facts that you're aware of based on your conversations with him, that should be added to the Motion?

MR. PARISH [(DEFENSE COUNSEL)]: That is correct.

THE COURT: Okay.

DEFENDANT: There haven't been sufficient conversations. I instructed you to contact me during the—in the interim, this never occurred. I have made as many as 92 phone calls to the offices. I have not received one answer. This reproduces experiences of Jersey County Jail where I continually called the offices and did not receive answers. We're talking about information that's over 24 months old, but I instructed my attorney to subpoena these back in June of last year. One of my issues that I'm addressing with asking the court to dismiss Mr. Parish [as] counsel is—."

The trial court interrupted defendant and proceeded to conduct a *Krankel* inquiry. See *People v. Krankel*, 102 Ill. 2d 181 (1984). Defendant explained counsel had not subpoenaed certain telephone records despite numerous requests that he do so. The court ultimately concluded counsel had not been ineffective and denied defendant's motion to withdraw guilty plea.

¶ 10        Defendant appealed the denial of his motion to withdraw guilty plea, arguing "(1) defense counsel failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), (2) the trial court failed to substantially comply with Illinois Supreme Court Rule 402(a) (eff. July 1, 2012), or, alternatively,

(3) defense counsel was ineffective for failing to amend defendant's motion to withdraw his guilty plea." *Grigalanz*, 2020 IL App (4th) 180313-U, ¶ 2. We accepted the State's concession with respect to defendant's Rule 604(d) argument and remanded for strict compliance with the rule's requirements. *Id.* ¶ 1. We did not reach the merits of defendant's remaining arguments. *Id.* ¶ 11. In remanding the cause for further postplea proceedings, we quoted the supreme court, stating that the proper remedy when counsel fails to file a Rule 604(d) certificate " 'is a remand for (1) the filing of a Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing.' " *Id.* ¶ 10 (quoting *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011)).

¶ 11                                 C. Proceedings on Remand

¶ 12            On remand, defendant, through new appointed counsel, Donald Schaaf, filed an amended motion to withdraw guilty plea. Defendant argued the trial court failed to substantially comply with Illinois Supreme Court Rule 402(a)(2) (eff. July 1, 2012), when it incorrectly admonished him that he only faced a three-year term of MSR. As a result, defendant maintained, he did not enter his guilty plea intelligently and with full knowledge of its consequences.

¶ 13            Following a hearing in August 2021, the trial court entered a written order denying defendant's motion, stating, in relevant part:

> "In this case, the Defendant, who at the time was represented by counsel,
> had an opportunity to raise MSR admonishment issue [*sic*] after he was
> properly admonished on January 9, 201[8], to which he failed. Although,
> counsel for the Defendant f[a]iled to file the 604(d) certification, the
> Defendant's grounds to vacate his plea centered around his attorney[']s

failure to investigate other evidence. (Transcript of Hearing February 26, 2018). The court finds the issue waived therefore the Defendant's Amended Motion to Withdraw Guilty Plea and Vacate Sentence is denied."

¶ 14       This appeal followed.

¶ 15                              II. ANALYSIS

¶ 16       Defendant argues the trial court erred in denying his motion to withdraw guilty plea because the record establishes the court failed to substantially comply with Rule 402 when it improperly admonished him regarding the applicable MSR term. The State contends the court was correct in finding defendant had forfeited his Rule 402 claim. Alternatively, the State acknowledges that our previous order may have been "intended to allow defendant to file an amended motion to withdraw and directed the trial court to conduct a hearing on the merits of the issues raised therein." However, the State contends that this is only one of multiple possible interpretations and "seeks further clarification of this Court's prior order."

¶ 17       As an initial matter, we note that although the trial court found defendant had "waived" his Rule 402 claim, it appears, given its comments, the court actually found defendant had "forfeited" the claim. See *People v. Lesley*, 2018 IL 122100, ¶¶ 36-37 (explaining "waiver is an intentional relinquishment or abandonment of a known right or privilege" and "[f]orfeiture is defined as the failure to make the timely assertion of [a] right"). Thus, we will address below whether the court properly found a forfeiture.

¶ 18       We next clarify the issue on appeal and the proper standard of review. Defendant's brief focuses on the merits of his Rule 402 claim and notes that when the trial court "reaches the merits of a motion to withdraw a guilty plea," we review the court's decision for an

abuse of discretion. On the other hand, the State focuses its brief on the question of whether the court was correct in finding defendant had forfeited his claim and does not address the claim's merits. We agree with the State that the issue on appeal is the propriety of the court's finding of a forfeiture. The trial court did not address the merits in denying defendant's Rule 402 claim. Instead, the court denied defendant's claim on the ground it had been procedurally defaulted, *i.e.*, forfeited. Thus, the question to resolve in this appeal is whether the court was correct in finding defendant had forfeited his Rule 402 claim by failing to raise it in his initial motion to withdraw the guilty plea. This presents a question of law that is reviewed *de novo*. See, *e.g.*, *People v. Herron*, 215 Ill. 2d 167, 174 (2005).

¶ 19    Rule 604(d) governs the procedure a defendant must follow if he wishes to appeal from a judgment entered upon a plea of guilty. *In re H.L.*, 2015 IL 118529, ¶ 7. It requires the defendant to file a motion to withdraw the guilty plea, and if the defendant is indigent, the trial court shall appoint counsel. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Rule 604(d) also requires the following:

> "The defendant's attorney shall file with the trial court a certificate stating
>
> that the attorney has consulted with the defendant *** to ascertain
>
> defendant's contentions of error in the sentence and the entry of the plea
>
> of guilty, has examined the trial court file and both the report of
>
> proceedings of the plea of guilty and the report of proceedings in the
>
> sentencing hearing, and has made any amendments to the motion
>
> necessary for adequate presentation of any defects in those proceedings."
>
> *Id.*

"Because of the strict [forfeiture] requirements of Rule 604(d) (any issue not raised by the defendant in his motion to withdraw his guilty plea is deemed [forfeited]), fundamental fairness requires that the defendant have the assistance of counsel in preparing and presenting his motion." *People v. Dickerson*, 212 Ill. App. 3d 168, 171 (1991). "Rule 604(d) sets forth defense counsel's duties in this regard and provides a simple, straightforward[,] and mandatory procedure designed to insure that those duties are performed and, thus, that defendant's due process rights are protected." (Emphasis omitted.) *Id.*

¶ 20      Defense counsel must strictly comply with Rule 604(d)'s certification requirement. *H.L.*, 2015 IL 118529, ¶ 8. When counsel fails to comply with Rule 604(d), "the appropriate remedy is a remand for (1) the filing of a Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea ***, if counsel concludes that a new motion is necessary; and (3) a new motion hearing." *Lindsay*, 239 Ill. 2d at 531. "It is axiomatic that, when this court remands a cause for the filing of a new motion (if necessary) and a hearing on a new motion, the order that is the subject of the appeal is vacated." *People v. Bernard*, 2014 IL App (2d) 130924, ¶ 10. "A vacated judgment is nullified, canceled, and void." *Id.*

¶ 21      Here, the trial court denied defendant's motion to withdraw the guilty plea on the basis that he "had an opportunity to raise [the] MSR admonishment issue after he was properly admonished on January 9, 201[8]," but he failed to do so. We find this was error.

¶ 22      In our remand following initial postplea counsel's failure to file a Rule 604(d) certificate, we directed the trial court to give defendant the opportunity to file a *new* motion and conduct a new motion hearing. See *Grigalanz*, 2020 IL App (4th) 180313-U, ¶ 10. However, by finding defendant had forfeited any claim that was not raised in his initial motion, the court deprived defendant of the substance of the appeal remedy, which, in part, allowed him to file a

new motion. We did not restrict defendant to asserting only those claims he had raised in his initial motion. When a court's order denying a motion to withdraw guilty plea is vacated on appeal due to an attorney's Rule 604(d) violation, the proceedings below recommence at the stage where the error occurred—that is, the point where appointed counsel is required to perform the duties prescribed by the rule. As previously stated, one of the attorney's duties under Rule 604(d) is to make "any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Neither Rule 604(d) itself nor the case law interpreting it restricts a defendant, after a remand from the appellate court, to asserting only those claims he had previously raised.

¶ 23        Additionally, it would be fundamentally unfair to find a forfeiture here. As the trial court noted in its written order, defendant was represented by counsel on January 9, 2018— which was after he pleaded guilty and after he filed his initial *pro se* motion to withdraw guilty plea—when the court informed him that he had been improperly admonished regarding MSR. Because he was thereafter represented by counsel, defendant did not have the authority to raise the improper admonishment claim on his own. See, *e.g.*, *People v. Serio*, 357 Ill. App. 3d 806, 815 (2005) ("When a defendant is represented by counsel, he generally has no authority to file *pro se* motions, and the court should not consider them."). However, defendant's counsel, despite being aware defendant had received improper admonishments, failed to file an amended motion raising the Rule 402 claim. Ultimately, defendant could not raise the issue himself due to being represented, and his counsel failed to assert the claim. Under the circumstances, it would be fundamentally unfair to find that defendant forfeited his Rule 402 claim.

¶ 24        Accordingly, we find the trial court erred in determining defendant forfeited his Rule 402 claim. As a result, we vacate the trial court's judgment and remand for a new hearing

on defendant's amended motion to withdraw guilty plea. See *People v. Wilk*, 124 Ill. 2d 93, 104 (1988) ("The trial court is the place for fact finding to occur and for a record to be made concerning the factual basis upon which a defendant relies for the grounds to withdraw a guilty plea. If the motion to withdraw the plea is denied, that decision can be considered on review.").

¶ 25                                    III. CONCLUSION

¶ 26          For the reasons stated, we vacate the trial court's judgment and remand for further proceedings.

¶ 27          Vacated and remanded.

2022 IL App (4th) 210468

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Jersey County, No. 15-CF-188; the Hon. Allison Lorton, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Catherine K. Hart, and Simone A. Patras, of State Appellate Defender's Office, of Springfield, for appellant. |
| **Attorneys for Appellee:** | Benjamin Goetten, State's Attorney, of Jerseyville (Patrick Delfino, David J. Robinson, and Timothy J. Londrigan, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |