2024 IL App (1st) 221506

No. 1-22-1506

Opinion filed March 22, 2024

Sixth Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 CR 12342 |
| | ) | |
| RAYMOND JONES | ) | Honorable |
| | ) | Stanley J. Sacks, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Justices C.A. Walker and Tailor concurred in the judgment and opinion.

**OPINION**

¶ 1    Guilty pleas, because they involve surrender of constitutional rights, impose a heightened duty on plea counsel and the trial court to inform the defendant of the consequences of the plea. Yet, for Raymond Jones, we are asked whether plea counsel and the trial court fell short of their duty and to give Jones another chance to withdraw his guilty plea. We agree, focusing on plea counsel. We remand for a post-plea hearing at which Jones, through new counsel, may present his claim that plea counsel's missing advice undermined the knowing nature of his guilty plea.

¶ 2                                        Background

¶ 3     Raymond Jones pleaded guilty to violating an order of protection and received a sentence of 18 months' imprisonment and four years' mandatory supervised release. He had been on electronic monitoring for nearly a year. Given sentencing credit, he served less than a week in the Department of Corrections before beginning mandatory supervised release. Sentencing law required serving mandatory supervised release on electronic monitoring.

¶ 4     Through plea counsel, Jones moved to withdraw his guilty plea, raising three claims. But at the hearing on the motion, Jones raised additional claims without counsel, at the trial court's direction. In pertinent part, Jones claimed that he did not know his guilty plea would mean "house arrest," that is, electronic monitoring. The trial court denied the motion without inquiring of counsel.

¶ 5                                        *Guilty Plea*

¶ 6     Jones faced three counts of violating an order of protection (720 ILCS 5/12-3.4(a) (West 2020)) and one count of residential burglary (720 ILCS 5/19-3(a) (West 2020)). He allegedly entered the home of his ex-wife, despite knowing that an order of protection barred him from the home and contacting her. The State offered to dismiss all counts, save one for violating the order of protection, and recommend a specific sentence. (Jones later waived the preparation of a presentence report and did not object to the State's brief description of prior convictions.)

¶ 7     The parties informed the trial court that they had brokered a plea agreement. The trial court admonished Jones under Illinois Supreme Court Rule 402 (eff. July 1, 2012). In pertinent part, the record reveals that confusion arose as the trial court described the nature of the charge and the sentencing range. First, Jones questioned whether he was pleading guilty to a misdemeanor or a

felony. The court admonished him that it was a felony. Next, plea counsel questioned whether the length of mandatory supervised release was four years or one year. After plea counsel agreed to four years as correct, the trial court confirmed that Jones understood, asking, "Do you understand when you are released from custody, which is not for a while, you will have to do four years mandatory supervised release?" Jones said, "Sure."

¶ 8    The trial court accepted Jones's plea of guilty, finding it to be knowing and voluntary. The trial court then admonished him under Illinois Supreme Court Rule 604 (eff. July 1, 2017), explaining, in part, that Jones would need to move to withdraw his plea should he seek to appeal. The trial court ended the hearing by summarizing for Jones that (i) "[T]here will be mandatory supervised release" and (ii) "[Y]ou are going to prison for a little while now. You have most of it done already. *** You won't be gone long."

¶ 9                              *Motion to Withdraw Guilty Plea*

¶ 10    Plea counsel moved to withdraw Jones's plea on three grounds: (i) Jones maintained his innocence, (ii) his ex-wife had lied to obtain the order of protection, and (iii) he wanted to exercise his right to a jury trial. Counsel attached no affidavits. He made no attack on Jones's guilty plea as either unknowing or involuntary. He filed no Rule 604(d) certificate certifying to the trial court that he had consulted with Jones, examined pertinent portions of the record, and made amendments necessary to litigate Jones's contentions. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 11    At a hearing on the motion, plea counsel asserted, "I rest on my motion." Counsel also discouraged Jones from speaking on his own behalf, though he appeared uncertain what claims Jones might raise.

"COUNSEL: I don't know if my client wants to—

COURT: Anything you want to say, Mr. Jones?

JONES: Pardon me?

COURT: The more you talk, the worse it gets, but go on.

COUNSEL: I advise him not to.

COURT: Your lawyer says not to say anything. If you want to say something, it's your motion, go ahead and say what you want to say."

¶ 12    Having received permission to speak, Jones (i) explained why he believed his ex-wife had lied to obtain an order of protection and (ii) complained about serving mandatory supervised release on electronic monitoring. Regarding the electronic monitoring, the trial court said it "would have told [Jones] that[ ]" during the plea colloquy. But Jones maintained that "still [being] on house arrest" had surprised him because no one, including plea counsel, explained that mandatory supervised release required electronic monitoring like his pretrial conditions.

¶ 13    The trial court handed Jones a copy of the report of proceedings of the plea hearing, parts of which were circled, and ordered Jones to read aloud.

"[JONES]: Charged as a Class 4 felony which usually carries MSR period, if at all, one year.

THE COURT: Read the rest of it.

[JONES]: Due to the type of charge, it carries mandatory supervised release of four years and not one."

Jones again insisted that no one had explained that mandatory supervised release would include electronic monitoring. The trial court read portions of the transcript aloud, stressing that Jones had acknowledged that mandatory supervised release would last four years.

¶ 14    The trial court ultimately denied the motion and admonished Jones at plea counsel's behest about the right to an appeal. The trial court asked Jones whether he had failed to understand that admonishment, just as he failed to understand portions of the plea admonishments. Jones replied, "If I heard that [admonishment], I didn't understand it to mean house arrest."

¶ 15                                    Analysis

¶ 16    The parties agree that plea counsel erred by failing to file a Rule 604(d) certificate. We do, too, and remand for a new postplea hearing, at which Jones may again move to withdraw his plea. See *People v. Janes*, 158 Ill. 2d 27, 35 (1994) (ordering similar relief). We do not order a preliminary *Krankel* inquiry (see *People v. Krankel*, 102 Ill. 2d 181 (1984)) because Jones raised his claim, and the trial court considered it, as grounds for withdrawing his guilty plea. See *People v. Pugh*, 157 Ill. 2d 1, 14 (1993) (noting, "whether the defendant's pleas, made in reliance on counsel's advice, were voluntarily, intelligently, and knowingly made depends on whether the defendant had effective assistance").

¶ 17    The parties also agree, though for starkly different reasons, that we should resolve the merits of Jones's ineffectiveness claim. We decline because plea counsel never testified about the off-the-record advice he gave Jones and the record does not contain a presentence report. That is, the record on appeal lacks the facts needed for us to rule. See *People v. Gorss*, 2022 IL 126464, ¶ 15 (noting, trial court is place for post-plea factfinding).

¶ 18                                    *Rule 604(d)*

¶ 19    Rule 604(d) governs when a defendant wishes to appeal from a judgment entered on a guilty plea. *In re H.L.*, 2015 IL 118529, ¶ 7. Pertinent here, Rule 604(d) requires:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

Plea counsel must strictly comply. *Janes*, 158 Ill. 2d at 35. We review *de novo* whether plea counsel did so. *In re H.L.*, 2015 IL 118529, ¶ 6.

¶ 20 The common law record, including the case summary report and criminal disposition sheet, contains no indication that plea counsel filed a Rule 604(d) certificate. In the report of proceedings, neither the trial court nor plea counsel nor the State refer to a Rule 604(d) certificate.

¶ 21 Accordingly, the record establishes that plea counsel violated Rule 604(d). *Janes*, 158 Ill. 2d at 35-36 (holding that failure to file Rule 604(d) certificate showed plea counsel did not strictly comply with certificate requirement of Rule 604(d)).

¶ 22 *Krankel*

¶ 23 The trial court has an independent obligation to inquire into the bases of claims by defendants against their attorneys. See *Krankel*, 102 Ill. 2d at 189 (remanding for posttrial hearing on defendant's claim of ineffective assistance). To trigger this obligation, a defendant needs to bring an ineffectiveness claim to the trial court's attention, either orally or in writing. *People v. Ayres*, 2017 IL 120071, ¶ 11. "This procedure serves the narrow purpose of allowing the trial court

to decide whether to appoint independent counsel to argue a defendant's *pro se* posttrial ineffective assistance claims." (Internal quotation marks omitted.) *Ayres*, 2017 IL 120071, ¶ 11. We review *de novo* whether the trial court honored its *Krankel* obligations. *People v. Roddis*, 2020 IL 124352, ¶ 33.

¶ 24     The parties agree, in the alternative, that the trial court failed to conduct a preliminary inquiry into the basis of Jones's claim against plea counsel. "During [the preliminary inquiry], some interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the allegedly ineffective representation is permissible and usually necessary \*\*\*." *People v. Moore*, 207 Ill. 2d 68, 78 (2003). Yet the record shows that the trial court asked no questions of plea counsel, though Jones claimed that counsel's failure to advise him induced him to plead guilty. Thus, the record shows the trial court failed to ask necessary questions about factual matters.

¶ 25     This ostensible error does not lead us to remand under *Krankel*. Again, the trial court considered Jones's claim against counsel as a ground for withdrawing Jones's guilty plea. True, *Krankel* serves a purpose like that of Rule 604(d) by allowing the trial court to fact-find while memories are fresh. *Gorss*, 2022 IL 126464, ¶ 15 (discussing purpose of Rule 604(d)); *Ayres*, 2017 IL 120071, ¶ 11 (discussing procedures that have evolved from *Krankel*). But the trial court construed Jones's ineffectiveness claim as grounds for withdrawing his plea, a decision within its discretion. See *Pugh*, 157 Ill. 2d at 14 (ineffective assistance may undermine the knowing nature of a guilty plea). We may not disturb the trial court's ruling absent an abuse of discretion. See *Moore*, 207 Ill. 2d at 75 (noting that a "trial court must exercise its discretion within the bounds of the law"). The trial court did not abuse its discretion.

¶ 26                                     *Ineffective Assistance*

¶ 27     The parties are divided on whether plea counsel provided ineffective assistance by failing to advise Jones of a collateral consequence of his guilty plea—that is, his serving mandatory supervised release on electronic monitoring. As mentioned, we decline to resolve this claim, given the incomplete record. But we take this opportunity to consider and reject two claims the parties make.

¶ 28     First, we find forfeiture does not apply to this claim. The parties flag the issue of forfeiture because the written motion to withdraw the guilty plea does not include Jones's claim about plea counsel's missing advice. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017) ("The motion shall be in writing and shall state the grounds therefor."). Jones offers several reasons why we should excuse forfeiture. The State contends we should honor forfeiture.

¶ 29     Both parties overlook that the trial court expressly incorporated Jones's claim into the motion to withdraw the guilty plea. The trial court told Jones, "Your lawyer says not to say anything. If you want to say something, *it's your motion, go ahead and say what you want to say*." (Emphasis added.) Jones then raised this issue, as instructed, sidestepping forfeiture. That plea counsel failed to amend the motion to withdraw does not undo the trial court's ruling. See *People v. Grigalanz*, 2022 IL App (4th) 210468, ¶ 23 (fundamental fairness dictated not applying forfeiture where counsel, knowing the trial court found defendant had received improper admonishments, failed to file an amended motion raising that claim). Forfeiture does not apply.

¶ 30     Second, we find the record incomplete. The parties analyze whether plea counsel had a constitutional duty to advise Jones about electronic monitoring and whether counsel's failure prejudiced Jones. *People v. Brown*, 2017 IL 121681, ¶ 26 (standard and discussing *Hill v.*

*Lockhart*, 474 U.S. 52, 58-59 (1985)). Analyzing these issues requires more facts than the record offers.

¶ 31    Contrary to Jones's contention, his on-record complaints at the hearing on withdrawal of the guilty plea do not suffice to show, at this point, that facts exist proving counsel had failed to advise him before he pleaded guilty. We reject Jones's request that we infer from plea counsel's silence at the hearing that counsel failed to advise him. See generally, *People v. Hughes*, 2012 IL 112817, ¶¶ 49-54, 60 (requiring plea counsel to inform client of consequences that are sufficiently severe, certain to occur, and enmeshed in criminal process). The trial court is the place for postplea factfinding. *Gorss*, 2022 IL 126464, ¶ 15.

¶ 32    Likewise, contrary to his contention, we decline to infer from Jones's statements at the hearing that facts exist proving that he rationally preferred, before pleading guilty, to avoid more electronic monitoring. See, generally, *Brown*, 2017 IL 121681, ¶ 48 (requiring guilty-plea defendant to prove, as prejudice, that decision to reject plea bargain would have been rational under circumstances). Plea counsel's testimony may yet conflict with Jones's assertions. And the trial court is the place for resolving conflicts in testimony. See *Gorss*, 2022 IL 126464, ¶ 15.

¶ 33    We also reject Jones's invitation to consider his "minimal, distant criminal history" to support his prejudice argument, particularly where Jones waived the presentence report. *Cf. Brown*, 2017 IL 121681, ¶¶ 48-50 (weighing defendant's criminal history, among other things, to determine the likelihood that the trial court would impose higher sentence after trial). We cannot conclude what would be "rational" under circumstances not apparent in the record.

¶ 34                                    Conclusion

¶ 35    We direct the trial court (i) to appoint new counsel and (ii) on receipt of a written motion and certificate complying with Rule 604(d), to conduct an evidentiary hearing on whether plea counsel provided ineffective assistance by failing to advise Jones that pleading guilty meant serving mandatory supervised release on electronic monitoring.

¶ 36    Remanded with directions.

***People v. Jones*, 2024 IL App (1st) 221506**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 21-CR-12342; the Hon. Stanley J. Sacks, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Christopher L. Gehrke (Simon Roennecke, law student), of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, Douglas P. Harvath, Erin K. Slattery, and Calla M. Mears, Assistant State's Attorneys, of counsel), for the People. |