(No. 52838.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JERRY L. HALE, Appellee.

*Opinion filed October 17, 1980.*

William J. Scott, Attorney General, of Springfield, and Paul Komada, State's Attorney, of Charleston (Donald B. Mackay and Melbourne Noel, Assistant Attorneys General, of Chicago, and Gary J. Anderson and Karen L. Boyaris, of the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

Daniel D. Yuhas, Deputy Defender, and Diana N. Cherry, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

The defendant, Jerry L. Hale, pleaded guilty to armed robbery in the circuit court of Coles County. Prior to

sentencing, he filed a motion to withdraw his guilty plea under Supreme Court Rule 604(d) (73 Ill. 2d R. 604(d)). The motion was denied and defendant was sentenced to six years' imprisonment. Thereafter, defendant's second motion to withdraw his guilty plea was also denied. On appeal, the appellate court ruled that the trial court had abused its discretion in refusing to allow defendant to withdraw his guilty plea, and, accordingly, it vacated the judgment and remanded the cause to the circuit court with directions to allow defendant to do so. (77 Ill. App. 3d 721.) The State appeals.

The State contends that the circuit court properly refused to allow the defendant to withdraw his guilty plea in that he failed to prove, by substantial objective proof, that he submitted his guilty plea under a misapprehension of law or fact. The State points out that this court has not yet established a standard to be applied in determining what evidence a defendant must produce before permission to withdraw a guilty plea will be granted. The defendant counters that, because his testimony was unrefuted regarding his mistaken subjective impression, the appellate court correctly found that the trial court had abused its discretion in refusing to allow him to withdraw his guilty plea.

The defendant was charged by information with armed robbery. On September 11, 1978, defendant submitted a plea of guilty. The trial court judge extensively admonished the defendant of his rights in accordance with Supreme Court Rule 402 (73 Ill. 2d R. 402). The judge carefully explained that all of defendant's rights would be waived by his decision to plead guilty. After this elaborate explanation, the defendant replied that he still wished to submit a plea of guilty and that he was not acting under any threats or promises but of his own free will. On October 10, 1978, defendant filed a motion to withdraw his guilty plea on his understanding that such could be

withdrawn within 30 days of entry. A hearing was held on the motion on November 9, 1978. Defendant testified that he would not have pleaded guilty if he had known that he did not have the right to change his mind and withdraw that plea within 30 days. He made no statement as to how such a misapprehension was acquired, nor did he state he was not guilty of the charge. The trial judge denied defendant's motion, finding that the defendant's misapprehension was not sufficient to require the granting of leave to withdraw his guilty plea. The judge proceeded to sentence defendant.

On December 6, 1978, defendant filed a second motion to withdraw his plea of guilty. This motion, in addition to alleging the same grounds as did the first, stated that his plea was based on a guarantee from the assistant State's Attorney that charges would be filed against an accomplice, Robert White. This motion was amended on January 4, 1979, to allege further that the assistant chief of police promised the defendant probation in return for his guilty plea. A hearing on the second motion was held on January 19, 1979. The State produced evidence refuting the two grounds added in the second motion. The only evidence introduced concerning defendant's belief that he could withdraw his plea within 30 days was his own assertion. When asked during cross-examination what led him to this mistaken belief, defendant replied, "My attorney." The trial court denied the motion, finding that the defendant failed to sustain his burden of proof on all three grounds asserted.

The requirements of Rule 402 (Pleas of Guilty) exceed the requirements established by the Supreme Court in *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709. Therefore, a trial judge who has complied with the rule's extensive requirements has scrupulously afforded a defendant his constitutional safeguards. Allowing the withdrawal of a guilty plea

is, under Rule 604(d), a matter for the trial court's discretion. Here, it cannot be said that the trial court abused that discretion when the only evidence before the judge was defendant's own subjective impression. "[A] defendant's mistaken subjective impressions gained from conferences with his legal counsel, in the absence of substantial objective proof showing that they were reasonably justified, do not provide sufficient grounds upon which to set aside his guilty plea. *** [T] he petitioner must bear the burden of showing that the circumstances as they existed at the time of the plea, judged by objective standards, reasonably justified his mistaken impression." *United States ex rel. Curtis v. Zelker* (2d Cir. 1972), 466 F.2d 1092, 1098. (See also *United States ex rel. LaFay v. Fritz* (2d Cir. 1972), 455 F.2d 297, 302; *United States v. Barker* (D.C. Cir. 1975), 514 F.2d 208, 220-21, *cert. denied* (1975), 421 U.S. 1013, 44 L. Ed. 2d 682, 95 S. Ct. 2420.) Defendant here has presented no objective proof to show that he was reasonably justified in his mistaken impression. Further, there is no allegation that the defendant has a valid defense, or that any other factors are present which would, in the ends of justice, require a finding of error.

Consequently, we reverse the finding of the appellate court and reinstate the judgment entered by the circuit court.

*Appellate court reversed;*
*circuit court affirmed.*