**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200417-U

Order filed October 21, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0417 Circuit No. 12-CF-541 |
| PHILLIP L. HORRELL, | ) ) ) | Honorable Clark E. Erickson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAUGHERITY delivered the judgment of the court.
Justices Hettel and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1   *Held*:   (1) Defendant's void sentence claim is barred by *res judicata* as he raised the claim in a prior appeal. (2) The court did not err in denying defendant's motion to withdraw guilty plea. (3) Defendant did not receive ineffective assistance of counsel.

¶ 2   Defendant, Phillip L. Horrell, pled guilty but mentally ill (GBMI) to first degree murder and attempted murder. He appeals the Kankakee County circuit court's denial of his motion to withdraw guilty plea, arguing that his sentence is void, the court erred in denying his motion to withdraw guilty plea, and he received ineffective assistance of counsel. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          In November 2013, defendant pled GBMI to first degree murder (720 ILCS 5/9-1(a)(3)

(West 2012)) and attempted first degree murder (*id.* §§ 8-4(a), 9-1(a)(1)). The State alleged that

defendant, while committing residential burglary, stabbed James Goldenstein, thereby causing

his death, and that with the intent to commit first degree murder, stabbed Betty Goldenstein.

¶ 5          Prior to his plea, defendant was examined by two psychologists. One psychologist, Dr.

Tracy Rogers, found that defendant appeared to be suffering from bipolar disorder and an

addiction to crack cocaine.

¶ 6          A second psychologist, Dr. James Simone, diagnosed defendant with anxiety disorder,

polysubstance dependence, malingering, and antisocial personality disorder. Both psychologists

found defendant fit to stand trial.

¶ 7          A third psychologist, Dr. Orest Wasyliw, wrote a letter to defense counsel stating that he

reviewed the matter and discussed it with colleagues in forensic psychiatry but did not interview

defendant. He stated that he could not assist in an insanity defense, because it was his

understanding that defendant committed the murder and attempted murder while committing

home invasion. An insanity defense would not apply to the home invasion because defendant's

planning showed he understood his behavior was against the law at the time of the offense. The

insanity defense therefore could not apply to any charge arising from the home invasion.

¶ 8          On November 1, 2013, defendant pled GBMI to felony murder and attempted first degree

murder. The court admonished defendant and informed him that the possible sentencing range

for the murder charge was 20 to 60 years' imprisonment and that it could be extended to 100

years' imprisonment or life imprisonment because James was over 60 years old when he was

killed. The court further informed defendant that he could receive a sentence of 6 to 30 years'

imprisonment for the attempted murder charge, which would be served consecutively to the murder sentence. Defendant could not receive good-conduct credit for either sentence and must serve 100% of each. Defendant stated that he understood the possible sentencing penalties he faced for pleading guilty.

¶ 9　　　　The court asked defendant to provide the factual basis. Defendant told the court that he went to the Goldensteins' residence, because he knew they kept a large amount of jewelry there. He brought a knife with him to gain entry to the residence to steal the jewelry. When he arrived at the residence, he rang the doorbell, and Betty answered the door. Defendant asked Betty if he could use her phone. She allowed defendant to make a call. When defendant handed the phone back to her, he pulled out his knife and started stabbing Betty and James. Betty survived, but James died from his injuries. The Goldensteins were both 81 years old at the time of the offense.

¶ 10　　　　The court found that the factual basis substantiated the charges and accepted defendant's guilty plea. The court further conducted a hearing regarding defendant's mental capabilities at the time of the offense. It reviewed the medical reports from Simone and Rogers and found defendant to be guilty but mentally ill.

¶ 11　　　　On April 16, 2014, the court sentenced defendant to natural life imprisonment for first degree murder and a consecutive term of 30 years' imprisonment for attempted first degree murder. Defendant moved to reconsider his sentence and to withdraw his guilty plea, which the court denied.

¶ 12　　　　Defendant filed a direct appeal. In 2015, this court remanded for new postplea proceedings held in compliance with Illinois Supreme Court Rule 604(d) (eff. Dec. 3, 2015). *People v. Horrell*, No. 3-14-0370 (2015) (unpublished minute order).

3

¶ 13        In May 2020, defendant filed, as a self-represented litigant, a petition for relief from judgment pursuant to section 2-1401(f) of the Code of Civil Procedure (735 ILCS 5/2-1401(f) (West 2020)). He argued that his convictions and sentences were void because the court exceeded statutory authority and thereby its jurisdiction when it accepted: (1) the GBMI plea without defendant having been examined for sanity; (2) the plea as to first degree murder without a sufficient factual basis; and (3) the plea as to attempted first degree murder when defendant did not actually plead guilty to that charge and there was not a sufficient factual basis. The court dismissed the petition, and defendant appealed. The appeal was docketed as case No. 3-21-0169.

¶ 14        On August 28, 2020, while on remand from the direct appeal, defendant filed an amended motion to withdraw guilty plea raising a variety of issues, including: (1) that the plea was void because the court exceeded its statutory authority in accepting the GBMI plea without a proper sanity examination of defendant, (2) that there was not a sufficient factual basis for the plea; (3) there was credible evidence providing doubt that defendant was guilty; (4) plea counsel was ineffective; and (5) defendant misapprehended that he was found sane.

¶ 15        The hearing on defendant's amended motion to withdraw was held on September 24, 2020. Simone testified that he examined defendant prior to his plea and found him competent.

¶ 16        Dr. Diane Goldstein testified that she had assigned Rogers to defendant's case but had performed the neuropsychology testing on defendant herself. She found that defendant intentionally performed poorly on the testing and found him to be malingering. She did not further evaluate defendant. She discussed an insanity defense with defense counsel and told him that she could not help with that. She referred defense counsel to Wasyliw.

¶ 17        Rogers also testified that she conducted the fitness interview and found defendant fit for trial. She also discussed the insanity defense with defense counsel and stated that she could not

4

help with that part of the case. She testified she did not address sanity in her reports, but that she would have performed the same tests on defendant if she had been asked for an opinion on sanity. Based on those tests and her observations of defendant she did not believe she could assist further in an insanity defense.

¶ 18　　Robert Regas testified that he and Lawrence Beaumont were defendant's attorneys and had discussed the possibility of an insanity defense. Regas spoke with Goldstein and chose not to proceed with getting an examination for insanity, because it was Goldstein's assertion that it would be pointless. They also sought a second opinion in Wasyliw and received a letter in response stating that he also could not help them with an insanity defense. Regas further testified that he and Beaumont discussed the doctors' opinions with defendant and explained the plea of GBMI. Regas stated that defendant indicated he understood.

¶ 19　　The circuit court denied defendant's motion to withdraw his guilty plea. Defendant appealed, and we docketed the case as appeal No. 3-20-0417.

¶ 20　　While this appeal was pending, defendant filed, as a self-represented litigant, a petition for postconviction relief asserting actual innocence based upon newly discovered evidence in October 2020. The court dismissed the petition at the first stage. Defendant appealed, and that appeal was docketed as case No. 3-20-0488. Thereafter, we granted defense counsel's unopposed motions to consolidate the appeals in case Nos. 3-20-0488 and 3-21-0169, which included defendant's appeal regarding the court's dismissal of his petition under section 2-1401(f). 735 ILCS 5/2-1401(f) (West 2020). On January 12, 2022, we allowed counsel to withdraw and affirmed the judgments of the circuit court in these cases. *People v. Horrell*, No. 3-20-0488 (2022) (unpublished dispositional order).

¶ 21　　　　　　　　　　　　　　　　II. ANALYSIS

5

¶ 22    Defendant raises four arguments in his opening brief. However, several of the arguments overlap and can be distilled to the following issues: (1) his sentence is void, (2) his plea is invalid because it was made unknowingly and involuntarily, and (3) he received ineffective assistance of counsel. We address each issue in turn.

¶ 23                                    A. Void Sentence

¶ 24    Defendant first argues that his plea was taken in violation of statutory authorization and is therefore void. Specifically, defendant was not properly admonished under Illinois Supreme Court Rule 402, and the court failed to comply with the statutory requirements set forth prior to accepting a GBMI plea. 725 ILCS 5/115-2(b) (West 2012).

¶ 25    The issue of whether defendant's sentences are void has already been decided by this court. See *Horrell*, No. 3-20-0488. In that appeal, defendant raised the same void sentence issue. We found that a judgment is only void if it was entered by a court lacking jurisdiction or "was based on a statute that is facially unconstitutional and void *ab initio*." *People v. Abdullah*, 2019 IL 123492, ¶ 13. Defendant did not and still does not allege that his judgment was based on a facially unconstitutional statute. Further, this court has already determined that the circuit court had both subject matter and personal jurisdiction over defendant. See *Horrell*, No. 3-20-0488. Defendant has not raised an argument seeking to avoid the procedural bar of *res judicata* to allow him to obtain review of this issue. *People v. Kines*, 2015 IL App (2d) 140518, ¶ 20. Therefore, defendant's convictions and sentences are not void.

¶ 26                                    B. Guilty Plea

¶ 27    Defendant argues that his guilty plea should be withdrawn because he has a credible insanity defense. He contends that the report issued by Wasyliw when defendant had never been interviewed by him prevented him from raising an insanity defense. He also argues that he was

6

under the misapprehension that he could not utilize an insanity defense and thus could not make a knowing and voluntary plea.

¶ 28    A defendant has no absolute right to withdraw a guilty plea. *People v. Baez*, 241 Ill. 2d 44, 110 (2011). "Withdrawal is appropriate where the plea was entered through a misapprehension of the facts or of the law or where there is doubt as to the guilt of the accused and justice would be better served through a trial." *People v. Hughes*, 2012 IL 112817, ¶ 32. Where a defendant seeks to withdraw a guilty plea based on a claim of misapprehension of law or facts, defendant has the burden of proving a "manifest injustice" under the facts involved. *People v. Delvillar*, 235 Ill. 2d 507, 520 (2009). "In the absence of substantial objective proof showing that a defendant's mistaken impressions were reasonably justified, subjective impressions alone are not sufficient grounds on which to vacate a guilty plea." *People v. Davis*, 145 Ill. 2d 240, 244 (1991). We review the circuit court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *Delvillar*, 235 Ill. 2d at 519.

¶ 29    In Illinois, everyone is presumed sane and cannot raise the affirmative defense of insanity without some evidence of it. *People v. Silagy*, 101 Ill. 2d 147, 168 (1984). To properly assert a defense of insanity, defendant must show he "is not criminally responsible for conduct if at the time of such conduct, as a result of mental disease or mental defect, he lacks substantial capacity to appreciate the criminality of his conduct." 720 ILCS 5/6-2(a) (West 2012). Defendant has the burden to prove by clear and convincing evidence that he was insane at the time he committed the crime. *Id.* § 6-2(e).

¶ 30    Additionally,

> "no Illinois case that has vacated a defendant's guilty plea solely or merely on the basis that a defendant might have a defense worthy of consideration. Such a rule

7

would totally undermine the finality of guilty pleas. *** While having a defense worthy of consideration may be a significant element of a motion to withdraw a guilty plea, it is, standing alone, not a sufficient element." *People v. Carlson*, 179 Ill. App. 3d 1050, 1055 (1989).

¶ 31    Besides having a "defense worthy of consideration," defendant must also show he was under a misapprehension of fact or law when entering into his guilty plea. *Id.*; *People v. King*, 1 Ill. 2d 496, 501 (1953); *People v. Cosby*, 137 Ill. App. 3d 854, 856 (1985). However, while a guilty plea may be involuntary due to a misapprehension as to sentencing alternatives if defendant was actually unaware of the possible punishment, a guilty plea is not revocable merely because defendant subjectively believed that he would receive a certain sentence but did not. See *People v. Hale*, 82 Ill. 2d 172, 176 (1980). Defendant must show a reasonable justification for that belief. *Id.*

¶ 32    Defendant argues that his insanity defense is "worthy of consideration," but provides no additional evidence to support that contention. The only allegations in support of the insanity defense are that defendant was evaluated for fitness, but his attorney informed him that the insanity defense would be of no avail. Defendant was examined multiple times by several doctors. All doctors reported that defendant was fit to stand trial and that they could not help with an insanity defense. Not only is defendant unable to point to a doctor who concluded that he had a viable insanity defense, he also cannot point to specific conduct that necessarily manifests insanity.

¶ 33    Also, we note that evidence of criminal planning bears against a finding of insanity. *People v. Gilmore*, 273 Ill. App. 3d 996, 1000 (1995). During his plea, defendant stated that he went to the Goldensteins' property knowing that they had a large amount of jewelry and went to

8

their home with the intention to steal the jewelry. Defendant himself admitted to criminal planning, diminishing his argument that he has a viable defense of insanity. The record does not support defendant's contention on appeal that he was insane at the time of the offense.

¶ 34                                  C. Ineffective Assistance of Counsel

¶ 35        Defendant argues that counsel was ineffective for failing to raise and develop an insanity defense. According to defendant, a properly developed insanity defense would have allowed for a finding of not guilty by reason of insanity at trial.

¶ 36        For an ineffective assistance claim to succeed, defendant must allege deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984). "Generally, counsel's choice of an appropriate defense is a matter of trial strategy or tactics not reviewable under the *Strickland* test, unless that choice is based upon a misapprehension of the law." *People v. Garmon*, 394 Ill. App. 3d 977, 987 (2009). "Misapprehension of a defense theory may be shown where evidence is presented in such a manner that the [finder of fact] is left with no choice but to convict defendant of the offenses charged." *Id.* Defense counsel has an obligation to investigate every possible defense. *People v. Domagala*, 2013 IL 113688, ¶ 38. But, counsel is not ineffective for failing to raise an insanity defense when there is no evidence to support the claim. See *People v. Wood*, 2014 IL App (1st) 121408, ¶ 77.

¶ 37        We have already concluded that there is no evidence to support the prejudice component—that defendant would succeed if he had raised an insanity defense. *Supra* ¶¶ 31-32. Moreover, the record clearly establishes that counsel did not perform deficiently. Counsel investigated a potential insanity defense by having defendant evaluated by multiple psychological experts and counsel discussed the defense with defendant. Defendant fully understood the options available to him and voluntarily chose to plead GBMI. Defendant cannot

9

now argue that he received ineffective assistance of counsel because he did not know he could utilize an insanity defense when the topic was clearly broached with counsel.

¶ 38                                III. CONCLUSION

¶ 39        The judgment of the circuit court of Kankakee County is affirmed.

¶ 40        Affirmed.