NOTICE

Decision filed 11/23/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200091-U

NOS. 5-20-0091, 5-20-0092 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Union County. |
| | ) | |
| v. | ) | Nos. 18-CF-128 & 19-CF-53 |
| | ) | |
| JASON M. KNEZ, | ) | Honorable |
| | ) | W. Charles Grace, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Welch and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where the record failed to support defendant's claim that he pled guilty in reliance on the original judge sentencing him, the circuit court did not err in denying his motion to withdraw the plea. Where defendant agreed to a sentencing cap and his motion to withdraw was unsuccessful, he could not seek reconsideration of his sentence. Plea counsel complied with Rule 604(d). As any argument to the contrary would lack merit, we grant defendant's appointed counsel leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Jason M. Knez, pled guilty to two charges of possession of methamphetamine (720 ILCS 646/60(a) (West 2018)). The circuit court sentenced him to consecutive three-year prison terms. He appeals the circuit court's orders denying his motions to withdraw his guilty plea and reconsider his sentence.

¶ 3    Defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), filed a motion to withdraw as counsel, arguing this appeal presents no arguably

1

meritorious issues. See *Anders v. California*, 386 U.S. 738 (1967). OSAD notified defendant of its motion. This court provided defendant with an opportunity to file a response, but no response was filed. After reviewing the record and considering OSAD's motion, we agree this appeal presents no issue of arguable merit. We therefore grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 4                                        BACKGROUND

¶ 5     Defendant was charged with a single count possession of methamphetamine in four separate cases. On May 7, 2019, he appeared before Judge Charles C. Cavaness. The parties announced an agreement by which defendant would plead guilty to cases 19-CF-53 and 18-CF-128. In exchange, the State would dismiss the remaining two counts in 17-CF-238 and 18-CF-42 and recommend sentences of no more than three years' imprisonment for each conviction, with the sentences to be served consecutively.

¶ 6     The court explained the charges and the possible penalties. It informed defendant of the rights he was relinquishing and questioned him to ensure the plea was knowing and voluntary. Defendant assured the court that no one threatened or coerced him to obtain his plea, and no one promised him anything beyond the stated terms of the agreement. The court accepted the plea and continued the cause to July 2, 2019, for sentencing.

¶ 7     On July 2, 2019, Judge Cavaness's last day on the bench prior to retirement, he continued the sentencing hearing to August 1, 2019, without explanation. The case was eventually reassigned to Honorable W. Charles Grace.

¶ 8     Judge Grace conducted a sentencing hearing, after which the court sentenced defendant to two consecutive three-year prison terms, the maximum permitted under the agreement. Defendant filed motions to withdraw the guilty plea and reconsider the sentence. In the former, he alleged

2

that one of the reasons he chose to plead guilty was the "assurance" that he would be sentenced by Judge Cavaness. Defendant thus contended that his plea was not knowing and voluntary because it was made in reliance on the fact that Judge Cavaness would preside over the sentencing hearing. In the latter motion, defendant argued, *inter alia*, that he was entitled to more credit for time served, his sentence was excessive, and the court did not adequately consider the substantial mitigating factors. The court denied both motions and defendant timely appealed.

¶ 9                                     ANALYSIS

¶ 10    OSAD suggests that the only potential issues are whether the circuit court erred by denying defendant's motion to withdraw and motion to reconsider sentence, and whether defense counsel complied with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) in presenting those motions. OSAD concludes that none of these issues have arguable merit. We agree.

¶ 11    Citing section 5-4-1(b) of the Unified Code of Corrections (730 ILCS 5/5-4-1(b) (West 2018)), defendant asserted that his plea was involuntary because he pled guilty in reliance on the fact that Judge Cavaness would preside over the sentencing hearing. Section 5-4-1(b) provides, "The judge who *** accepted the guilty plea shall impose the sentence unless he is no longer sitting as a judge in that court." *Id.* The parties agree that Judge Cavaness sat the bench on the original sentencing date, July 2, 2019. However, the sentencing hearing was continued. Judge Cavaness then retired before conducting the sentencing hearing, and the case was reassigned to Judge Grace.

¶ 12    Section 5-4-1(b) allows another judge to impose a sentence when the judge who accepted the guilty plea no longer sits in that court. *Id.* As Judge Cavaness was "no longer sitting as a judge" in the circuit court, Judge Grace properly conducted the sentencing hearing. Accordingly, there is no support for defendant's argument in section 5-4-1(b).

3

¶ 13    We note that the record is void of an explanation as to why the case was continued. Nevertheless, no argument was presented below or on appeal that the continuance was improper. Moreover, the record does not support defendant's allegation that he pled guilty in reliance on Judge Cavaness conducting the sentencing hearing.

¶ 14    "A defendant does not have an absolute right to withdraw a guilty plea and bears the burden of demonstrating to the trial court the necessity of withdrawing the plea." *People v. Ferral-Mujica*, 2017 IL App (2d) 160240, ¶ 22. "Leave should be granted if it appears that (1) the plea was entered on a misapprehension of the facts or the law, (2) there is doubt as to the guilt of the accused, (3) the accused has a meritorious defense, or (4) the ends of justice will be better served by submitting the case to a jury." *Id.* (citing *People v. Davis*, 145 Ill. 2d 240, 244 (1991)). "Absent substantial objective proof that a defendant's mistaken impressions were reasonably justified, a defendant's subjective impressions are insufficient grounds on which to withdraw a guilty plea." *Id.* (citing *People v. Hale*, 82 Ill. 2d 172, 176 (1980)). The denial of a motion to withdraw a guilty plea is reviewed for an abuse of discretion. *Id.*

¶ 15    Here, there is simply no evidence supporting defendant's subjective impression that he would be sentenced by Judge Cavaness. Such a condition was not announced as a part of the agreement, and defendant assured the court that no promises other than the sentencing cap and dismissal of the other two cases were made. Thus, there is no arguably meritorious contention that the court erred in denying defendant's motion to withdraw the guilty plea.

¶ 16    OSAD further contends that no arguably meritorious contention exists that the court erred by denying the motion to reconsider the sentence. OSAD argues that the court did not abuse its discretion in imposing the sentence. However, there is a more fundamental reason why the circuit court properly denied the motion.

4

¶ 17    Although OSAD, as well as the parties in the circuit court, referred to the plea as "open," it was in reality a partially negotiated plea. See *People v. Gooch*, 2014 IL App (5th) 120161, ¶ 15 ("when a defendant enters into a partially negotiated plea, the defendant pleads guilty in exchange for a dismissal of pending charges and the State makes sentencing concessions"). Here, in exchange for the plea, the State agreed to a sentencing cap of no more than three years in each case. Where a defendant pleads guilty in exchange for a sentencing cap and receives a sentence within the cap, he may not challenge that sentence as excessive. *People v. Linder*, 186 Ill. 2d 67, 74 (1999). To hold otherwise "unfairly binds the State to the terms of the plea agreement while giving the defendant the opportunity to avoid or modify those terms." *Id.* Thus, the only way for a defendant in that situation to obtain sentencing relief is to move successfully to withdraw the plea. *People v. Richard*, 2012 IL App (5th) 100302, ¶ 24. Here, defendant's sentence was within the agreed-upon cap, albeit the maximum allowed. The denial of defendant's motion to reconsider his sentence was therefore proper.

¶ 18    Finally, OSAD suggests that there is no meritorious contention that counsel failed to comply with Rule 604(d). Rule 604(d) provides in relevant part that where a defendant files a motion to withdraw his guilty plea or reconsider the sentence:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

Counsel must strictly comply with the certification requirement. *In re H.L.*, 2015 IL 118529, ¶ 8. Despite a facially valid certificate, the record may rebut that counsel fulfilled his or her obligations under Rule 604(d). *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8.

¶ 19    Here, counsel filed the requisite certificate. Counsel's certificate closely tracked the language of Rule 604(d), and there is nothing in the record to conclude counsel otherwise failed to comply. Thus, counsel fully complied with the rule.

¶ 20                              CONCLUSION

¶ 21    For the foregoing reasons, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 22    Motion granted; judgment affirmed.