NOTICE

Decision filed 03/24/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 210091-U

NO. 5-21-0091

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 17-CF-577 |
| | ) | |
| REBECCA VALENTINE, | ) | Honorable |
| | ) | Ralph R. Bloodworth III, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Cates and Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court did not err when it denied the defendant's motion to withdraw her guilty plea where the defendant did not provide sufficient evidence of a misapprehension of law or fact, a defense worthy of consideration by a jury, or the ends of justice would be better served by allowing the withdrawal.

¶ 2   On June 27, 2019, the defendant, Rebecca Valentine, entered a fully negotiated plea of guilty to the offense of first degree murder. Under the terms of the agreement, she was to serve a term of 25 years' imprisonment at 100%, followed by 3 years of mandatory supervised release (MSR), with credit for 582 days served in custody. Subsequently, the defendant filed a motion to withdraw her guilty plea. The circuit court denied this motion and found that the defendant entered into the guilty plea knowingly and voluntarily. This appeal followed.

1

¶ 3                                I. BACKGROUND

¶ 4     On November 23, 2017, the defendant called law enforcement to an apartment in Carbondale, Illinois. When police arrived, they found Mr. Glispie unresponsive and covered in blood. He was transported to a hospital where he was pronounced dead. The defendant was arrested that same night. During a post-*Miranda* interrogation, the defendant admitted to police that she stabbed the victim in the chest with a kitchen knife. She was subsequently charged via information and indicted by a grand jury with first degree murder.

¶ 5     Sometime later, the defense requested that the defendant be evaluated for her mental health and to determine her fitness to stand trial. Initially, the evaluations concluded the defendant was incompetent to stand trial then but that she could be restored to fitness. Three months later, a fitness hearing was held. Based on a stipulation by the parties and a review of a new progress report, the circuit court found the defendant was fit to stand trial.

¶ 6     A month later, the defendant entered into a fully negotiated plea of guilty to the offense of first degree murder. She was to serve a term of 25 years' imprisonment at 100%, followed by 3 years of MSR, with credit for 582 days served in custody. At the outset of the plea hearing, the court admonished the defendant regarding the nature of the offense, the possible range of punishment, and her rights that she would be waiving. The defendant acknowledged that she understood and did not have any questions. At the end of the hearing, the court accepted the defendant's guilty plea as knowing and voluntary, and entered judgment against her. Shortly after, the defendant filed a timely motion to withdraw her guilty plea. The motion requested new counsel be appointed to present and amend the motion, and Ms. Celeste Korando was appointed to represent her in the postplea proceedings.

¶ 7    A hearing was held on the motion in September 2020. Counsel declined to amend or supplement the motion to withdraw and relied on the original motion. At the hearing, the defendant was called to testify. The defendant testified that, when she pleaded guilty, she was not in her right state of mind, was overwhelmed, and stressed. She stated that she was not thinking clearly at that time and was on medications including trazodone, Abilify, and another drug she could not remember. She also stated that had she been in her right state of mind, she would have never accepted the negotiated plea offer or pleaded guilty. She admitted that she did not express these feelings to either her attorney or the circuit court on the date of the plea hearing.

¶ 8    The defendant then testified about the nature of her relationship with the victim. She explained that she went through a lot with him in the past and described the relationship as stressful. She testified that he previously beat her and that she had gone to a domestic violence shelter or been made to sleep outside on the streets. She also stated that there was alcohol involved and stated that she and the victim would drink every day. When asked whether she ever told anyone about the alleged abuse, she said, "I'm sure I told somebody. I just didn't tell the right person." She said she never called the police, but she had gone to a woman's shelter four or five times. On cross-examination, the defendant recalled that when the incident occurred, she was angry with the victim and stated, "I probably was angry because it was a lot of stuff he put me through."

¶ 9    After oral argument, the circuit court found that the guilty plea was entered knowingly and voluntarily and denied the defendant's motion to withdraw her guilty plea. Thereafter, the defendant filed a motion requesting leave to file a notice of appeal outside the 30-day window, which was granted. Notice of appeal was then timely filed, and we granted leave to file a late notice of appeal.

¶ 10                                    II. ANALYSIS

¶ 11     On appeal, the defendant argues that the circuit court abused its discretion in denying her motion to withdraw her guilty plea for first degree murder. She argues the court should have granted her motion because she had a defense worthy of consideration and the ends of justice favor a trial on the merits.

¶ 12     In considering a defendant's motion to withdraw his guilty plea, a trial court should grant the request and vacate the plea if it "was entered on a misapprehension of the facts or of the law," if a defendant "has a defense worthy of consideration by a jury," or if "the ends of justice will be better served" by allowing a defendant to withdraw the plea. *People v. Morreale*, 412 Ill. 528, 531-32 (1952). Whether to grant or deny a motion to withdraw a guilty plea rests in the circuit court's sound discretion. *People v. McIntosh*, 2020 IL App (5th) 170068, ¶ 36. An abuse of discretion will be found only where the court's ruling is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court. *People v. Delvillar*, 235 Ill. 2d 507, 519 (2009). The defendant has the burden of demonstrating sufficient grounds to allow withdrawal of the plea. *People v. Kokoraleis*, 193 Ill. App. 3d 684, 691-92 (1990).

¶ 13     The State contends that Illinois no longer recognizes that "a defense worthy of consideration" is grounds for withdrawing a guilty plea. One appellate court district has noted that our supreme court has not used it as a basis for withdrawal since 1993. *People v. Nieto-Roman*, 2019 IL App (4th) 180807, ¶ 33. However, our supreme court has never explicitly stated that this basis can no longer be used to withdraw a guilty plea.

¶ 14     "To vacate a plea based on a misapprehension of law or fact, the defendant must establish that her mistaken beliefs or impressions were reasonably justified under all the circumstances when those circumstances are judged by an objective standard rather than by the defendant's own

4

subjective impression." *People v. Christensen*, 197 Ill. App. 3d 807, 812 (1990). Absent substantial objective proof that a defendant's mistaken impressions were reasonably justified, a defendant's subjective impressions are insufficient grounds on which to withdraw a guilty plea. *People v. Hale*, 82 Ill. 2d 172, 176 (1980).

¶ 15    In her motion to withdraw guilty plea, the defendant asserts that she was not aware she was pleading guilty. At the hearing on her motion, the defendant testified that she was not "in my right state of mind," that she was "overwhelmed and under a lot of stress," and that she was "not thinking clearly." The defendant also testified that, when she made her plea, she was on trazodone, Abilify, and another drug she could not recall. The defendant stated that had she been in a clear state of mind, she would not have pled guilty nor accepted the negotiated plea deal.

¶ 16    The record does not support this contention; rather, the record indicates that the defendant knowingly and voluntarily entered her plea. The circuit court advised and admonished the defendant as required by Illinois Supreme Court Rule 402 (eff. July 1, 2012). The defendant indicated that she understood her rights and that she would be giving up her rights by pleading guilty. When asked, the defendant also stated that she was not under the influence of any substance "that might affect [her] ability to understand what's going on in the Court." The defendant asserted that she was not forced or threatened to enter her plea, and that it was her decision alone to plead guilty. The court asked her several times throughout the hearing whether she had any questions; however, each time she indicated she had none.

¶ 17    The defendant was also found fit to stand trial, and thus, was fit to plead guilty. See *People v. Tapscott*, 386 Ill. App. 3d 1064, 1075 (2008). The defendant's defense counsel stated that he visited the defendant numerous times since she had returned from Alton Mental Health and had no doubt as to her fitness. The attorney recounted that he and the defendant had numerous

5

discussions about her decision to plead guilty. Therefore, based on the record before us, we cannot conclude that the defendant did not knowingly and voluntarily plead guilty.

¶ 18    It is undisputed that the defendant was involved in the killing of the victim given that she confessed to the offense upon her arrest; however, the defendant now asserts that she has a defense worthy of consideration which should allow her to withdraw her guilty plea. The defendant argues that additional evidence was presented that sheds light on her relationship with the victim. Specifically, the defendant testified that the victim physically beat her and abused her for the four years they were together. The defendant argues this is evidence she suffered from battered woman syndrome. Battered woman syndrome refers to "a type of post-traumatic stress syndrome which describes a pattern of severe physical and psychological abuse inflicted upon a woman by her mate and helps to explain actions of a woman subjected to such abuse." *People v. Evans*, 271 Ill. App. 3d 495, 497 n.1 (1995).

¶ 19    The defendant asserts that she was a victim of domestic violence for years. She testified that the victim would frequently beat her, and on occasion, she would stay at a domestic violence shelter or outside the shelter if it was closed. She also stated her relationship with the victim was stressful because he would be with other women. She said she never called the police to report anything, but she went to the women's shelter four or five times. Based on all of this, the defendant contends that, although battered woman syndrome is not a legal defense, it could serve as the basis for a self-defense argument, or alternatively, to reduce her conviction from first degree murder to second degree murder. We turn first to the self-defense contention.

¶ 20    To establish the need for self-defense, six elements must be established: (1) that unlawful force was threatened against the defendant, (2) that the defendant was not the aggressor, (3) that the danger of harm was imminent, (4) that the use of force was necessary, (5) that the defendant

6

actually and subjectively believed that a danger existed that required the use of force that he applied, and (6) that the defendant's beliefs were objectively reasonable. *People v. Lee*, 213 Ill. 2d 218, 225 (2004); *People v. Morgan*, 187 Ill. 2d 500, 533 (1999). If the State negates any one of these elements, the claim fails. *Lee*, 213 Ill. 2d at 225.

¶ 21 The defendant cites to *People v. Evans*, 259 Ill. App. 3d 195 (1994), in support of her argument. In *Evans*, the defendant was found guilty of first degree murder, and on appeal, she argued that the State failed to prove beyond a reasonable doubt that she was not acting in self-defense. *Id.* at 197. The court applied 10 factors to the facts of that case:

> "(1) the attacker's apparent mental state and sobriety, (2) the woman's apparent mental state and sobriety, (3) the difference between the physical attributes and apparent strengths of the attacker and the woman, (4) whether the attacker has physically or verbally abused and threatened the woman on prior occasions and to what extent the threats were carried out, (5) whether the attacker was the apparent aggressor, (6) what recourse and what options were readily available to the woman to quell the attack during the course of the attack, and to escape, (7) the nature and extent of the attack, (8) the weapon that was used by the woman to stop the attack, (9) the apparent escalation or diminishment of the attack at the time the woman resorted to deadly force, and (10) the reasonable apprehension of the woman at the time the deadly force was used, which encompasses the fact that she is a victim of battered woman's syndrome." *Id.* at 210.

¶ 22 After analyzing these factors, the circuit court held that defendant's use of deadly force was necessary and reasonable to save herself from serious bodily harm. *Id.* The court found that the victim was physically larger than the defendant, it was close to midnight when the incident occurred, the victim looked like a "wild man," his eyes were bugged, he was sweating, his hair was standing straight up, he looked mad, and he was drunk. *Id.* Moreover, there was a long history of verbal and physical abuse by the victim to defendant. *Id.* at 211. The defendant testified that, on the night of the incident, the victim spit in her face and hit her repeatedly. *Id.*

¶ 23 In the present case, the record before us is much leaner than that in *Evans*. Although the defendant may have shown that she suffered from battered woman syndrome, the record does not

7

show that she would have a successful self-defense claim worthy of consideration. She testified that she and the victim got into an argument about him cheating on her. She also testified, "Soon 'it got crazy' and 'blood was everywhere.' " However, lacking from the record is any evidence as to the victim's mental state or sobriety, the difference between the physiques of the defendant and the victim, whether the victim was the attacker or apparent aggressor, what recourse the defendant had readily available, or the nature and extent of the altercation. In sum, the self-defense claim would lack merit.

¶ 24 The defendant also argues that she could present evidence to reduce her conviction from first degree murder to second degree murder based on an "imperfect self-defense" or a provocation theory. The defendant has not shown any evidence of provocation in this case. Thus, these arguments also fail for the same reasons the self-defense claim fails; the record fails to show that these would be defenses worthy of consideration.

¶ 25 In sum, because the record before us does not present sufficient evidence that could support a defense worthy of consideration, we hold that the circuit court did not abuse its discretion when it denied the defendant's motion to withdraw guilty plea. Furthermore, we agree with the State that because the defendant did not raise an ineffective assistance of counsel claim in her motion to withdraw plea or in her opening appellant brief, she has waived it, and as such, we will not address it here. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 26                                      III. CONCLUSION

¶ 27 For the reasons stated, the circuit court did not abuse its discretion in denying the defendant's motion to withdraw her guilty plea.


¶ 28 Affirmed.

8